OPINION
{¶ 1} Defendant-appellant, Juley A. Ratkovich, appeals from a Jefferson County Common Pleas Court decision convicting her of complicity to commit theft, with a property value in excess of $500 but less than $5,000, a fifth degree felony, following a jury trial.
 {¶ 2} On November 28, 2001, appellant drove her adult son, Jason Cornell, to Circuit City in Steubenville, Ohio. Cornell exited appellant's Jeep and entered the store. Appellant waited in the parking lot. While in the store, Cornell stole two Sony Play Station game systems. He covered the game systems with his coat and ran out of the store setting off an alarm and alerting the store manager, Dawn Romonovich. Romonovich chased Cornell out of the store and into the parking lot. Cornell jumped into appellant's Jeep, threw the game systems in the back seat, and yelled for her take off because he had just stolen something from the store. Appellant tried to pull away, but another vehicle driven by Dennis Brown blocked her path. She then threw her Jeep in reverse and almost hit Romonovich who was attempting to rip the temporary tag off the Jeep. Appellant managed to get out of the parking lot and drove home to East Liverpool. Meanwhile, Brown, the man who tried to block appellant's path with his car, followed appellant and Cornell and wrote down their license plate number, which he gave to Romonovich and the police.
 {¶ 3} Cornell confessed to stealing the game systems and informed police that his mother, appellant, drove him to Circuit City. He indicated that he did not tell her of his plan to steal from the store, he just asked her for a ride. Cornell stated that when he ran out of Circuit City with the game systems, he jumped in the Jeep, told appellant he just stole something, and told her to "take off."
 {¶ 4} On February 6, 2002, a Jefferson County Grand Jury indicted appellant on one count of robbery in violation of R.C. 2911.02(A)(3) and one count of theft in violation of R.C. 2913.02(A)(1).[1] The case proceeded to trial on April 2, 2002. The court determined, in addition to the charges in the indictment, it would instruct the jury on complicity to commit theft. Appellant did not object to this instruction. The jury found appellant not guilty of robbery and theft, but guilty of complicity to commit theft. On May 3, 2002, the trial court sentenced appellant to two years probation and ordered her to make restitution to Circuit City for the value of the two game systems.
 {¶ 5} Appellant filed her timely notice of appeal on May 15, 2002. The trial court stayed appellant's sentence pending this appeal.
 {¶ 6} Appellant raises two assignments of error, the first of which states:
 {¶ 7} "The trial court committed plain error by instructing the jury on the offense of complicity to commit theft."
 {¶ 8} Appellant argues the court erred in instructing the jury on complicity. She contends that she did not possess the required mental state. She points to Cornell's testimony that he did not tell her he was going to steal anything from Circuit City. (Tr. 105-108). She also asserts plaintiff-appellee, the State of Ohio, presented no evidence that she advised, hired, incited, commanded, or counseled Cornell either before or during his commission of the crime. Appellant contends she did not conspire with Cornell to commit a theft. She argues that mere association with the offender does not support a conviction for conspiracy. Appellant also argues that actions as an accessory after the fact do not make her guilty of complicity. Citing, State v. Woods
(1988), 48 Ohio App.3d 1.
 {¶ 9} Appellant failed to object at trial to the jury instruction on complicity. Absent plain error, the failure to object to a jury instruction constitutes a waiver of the issue on appeal. State v.Jackson (2001), 92 Ohio St.3d 436, 444, citing State v. Underwood
(1983), 3 Ohio St.3d 12, syllabus; Crim.R. 30. Plain error should be invoked only to prevent a clear miscarriage of justice. Underwood,3 Ohio St.3d at 14. Plain error is one in which but for the error, the outcome of the trial would have been different. State v. Long (1978),53 Ohio St.2d 91, 97.
 {¶ 10} A charge of complicity may be stated in terms of the complicity statute or in terms of the principal offense. R.C. 2923.03(F). Although a defendant may be charged in an indictment as a principal, the court may instruct the jury on complicity where the evidence at trial reasonably supports a finding that the defendant was an aider or abettor. State v. Gonzales, 1st Dist. No. C-010757, 2002-Ohio-4937, at ¶ 51.
 {¶ 11} The jury convicted appellant of violating R.C. 2923.03(A)(2), which provides:
 {¶ 12} "(A) No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following:
 {¶ 13} "* * *;
 {¶ 14} "(2) Aid or abet another in committing the offense."
 {¶ 15} "[T]o support a conviction for complicity by aiding and abetting pursuant to R.C. 2923.03(A)(2), the evidence must show that the defendant supported, assisted, encouraged, cooperated with, advised, or incited the principal in the commission of the crime, and that the defendant shared the criminal intent of the principal." State v. Johnson
(2001), 93 Ohio St.3d 240, 245-246. The defendant's intent may be inferred from the circumstances surrounding the crime. Id. at 246. The defendant's "`[p]articipation in criminal intent may be inferred from presence, companionship and conduct before and after the offense is committed.'" Id. at 245, quoting State v. Pruett (1971), 28 Ohio App.2d 29,34.
 {¶ 16} Additionally, the defendant's mere association with the principal offender is not enough to prove complicity. State v. Mootispaw
(1996), 110 Ohio App.3d 566, 570. The defendant must have had some level of active participation by way of providing assistance or encouragement.State v. Nievas (1997), 121 Ohio App.3d 451, 456; State v. Sims (1983),10 Ohio App.3d 56, 58.
 {¶ 17} The theft statute under which appellant was charged provides:
 {¶ 18} "(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:
 {¶ 19} "(1) Without the consent of the owner or person authorized to give consent." R.C. 2913.02(A)(1).
 {¶ 20} Under R.C. 2913.02(A)(1), the state must prove that the defendant: (1) knowingly; (2) obtained or exerted control over another's property or service; (3) without the owner's consent; and (4) intended to deprive the owner of his or her property or services.
 {¶ 21} Cornell accomplished the theft before reaching appellant's Jeep. "Once a person transports merchandise without payment beyond the checkout points, or in a manner designed to conceal the merchandise, he has exercised `control' over the merchandise and can be convicted of shoplifting under R.C. 2913.02(A)(1)." State v. Tirabasso (Sept. 22, 2000), 11th Dist. No. 99-G-2235. Cornell testified that he stole the game systems from Circuit City and ran out of the store. (Tr. 98). Thus, Cornell completed the theft, at the latest, when he exited the doors of Circuit City.
 {¶ 22} Furthermore, appellant was tried on the principal offense of theft. The jury found appellant not guilty of theft. Hence, they too concluded that the theft was completed before Cornell reached appellant's Jeep.
 {¶ 23} To prove that appellant was guilty of complicity, appellee had to show that she knew Cornell was going to steal from Circuit City when she dropped him off. If she was unaware of Cornell's intention to steal, she could not be convicted of complicity. The only evidence that might suggest that appellant knew Cornell was going to steal anything from Circuit City when she dropped him off was Romonovich's testimony that when she chased Cornell out of the store, he jumped into a Jeep Grand Cherokee, which was waiting in the first parking space with the engine running. (Tr. 114, 118, 121). But even this evidence is tenuous at best. It is a significant jump to conclude that because a mother drops her son off and waits for him to go into a store with the engine running in a close parking space that she knew he was going in to commit a theft.
 {¶ 24} Cornell gave testimony that he did not tell appellant about his plan to steal from Circuit City. (Tr. 105). Additionally, Officer John Stasiulewicz bolstered Cornell's testimony. Officer Stasiulewicz testified that Cornell gave him a statement in which he admitted to stealing the game systems and gave him the details surrounding the incident. (Tr. 88-90). Cornell told Officer Stasiulewicz that appellant did not know that he took the game systems until he jumped into the Jeep and told her. (Tr. 89-90, 92). Officer Stasiulewicz said he felt Cornell had no reason to lie to him. (Tr. 90, 93).
 {¶ 25} Furthermore, Cornell testified that he had to cross two lanes of traffic to exit the store. (Tr. 98-99). Had appellant planned to be Cornell's getaway driver, presumably she would have parked at the entrance. Cornell also testified that when he jumped in the Jeep, he told appellant he just stole something and yelled at her to get him out of there. (Tr. 99). He stated he threw the game systems in the back seat. (Tr. 99). Romonovich testified that she was yelling for Cornell to stop and chased him to the Jeep. (Tr. 115). She stated that the driver saw her. (Tr. 115-16). Brown testified that as soon as Cornell jumped in the Jeep, the driver of the Jeep "yanked it in gear and took off spinning out of there." (Tr. 76). However, the driver was unable to go forward since Brown had blocked her path with his vehicle. (Tr. 76). Brown stated that the driver then threw the Jeep in reverse and took off backwards. (Tr. 76). Brown's companion, Candice Tharp, and Romonovich both testified that appellant was in such a hurry to get out of the parking lot she almost ran Romonovich over. (Tr. 68, 114). Cornell testified that appellant drove him home with the stolen game systems. (Tr. 101-102).
 {¶ 26} While appellant clearly acted with terrible judgment, she did not support, assist, encourage, cooperate with, advise, or incite Cornell in the commission of the theft. As we previously stated, Cornell completed the theft when he ran out of the store. And the evidence at trial does not suggest that appellant knew what her son was planning to do when she dropped him off at Circuit City. Appellant's actions would have supported a charge of obstructing justice under R.C. 2921.32(A)(1), which provides that, "[n]o person, with purpose to hinder the discovery, apprehension, prosecution, conviction, or punishment of another for crime or to assist another to benefit from the commission of a crime, * * * shall * * * [p]rovide the other person * * * with money, transportation, a weapon, a disguise, or other means of avoiding discovery or apprehension." However, appellant was only charged with theft and robbery.
 {¶ 27} Since the evidence at trial did not reasonably support a finding that appellant was an aider or abettor, the trial court erred in giving the instruction. Furthermore, it is clear that but for the court's error, the outcome of the trial would have been different since the jury acquitted appellant on the theft and robbery charges. Accordingly, appellant's first assignment of error has merit.
 {¶ 28} Appellant's second assignment of error states:
 {¶ 29} "The jury verdict of guilty for the offense of complicity to commit theft was against the manifest weight of the evidence."
 {¶ 30} Since the court should not have instructed the jury on complicity to commit theft, we need not address appellant's manifest weight argument.
 {¶ 31} For the reasons stated above, appellant's conviction is hereby reversed.
DeGenaro, J., concurs.
Vukovich, J., dissents. See dissenting opinion.
[1] Cornell was also charged with robbery and theft. He ultimately pled guilty to one of the charges.