{¶ 95} I concur with the judgment of my colleagues. However, I write separately to address two points.
 {¶ 96} First, in paragraphs 44 and 45 my colleagues distinguish the facts in the case at hand to the facts presented in State v. Ratkovich, 7th Dist. No. 02JE16, 2003-Ohio-7286. InRatkovich, the court held that the evidence presented did not suggest that appellant knew what her son was planning to do when she dropped him off at Circuit City. Id. Thus, the court reversed her conviction for aiding and abetting. Id. My colleagues distinguish that case by stating that in the case at hand "there was evidence that appellant planned with Drummond before driving him to Rutledge," and as a result, the evidence supports the aiding and abetting conviction. Opinion ¶ 45.
 {¶ 97} In Ratkovich, I dissented from the conclusion reached by the majority. Ratkovich, 7th Dist. No. 02JE16, at ¶ 32-40. I concluded that the evidence presented was sufficient to enable the jury to find that appellant acted with the purpose to deprive Circuit City of the game systems; she aided and abetted in the commission of the crime. Id. at ¶ 35. Accordingly, I find no reason to distinguish Ratkovich from the case at hand. Under my reasoning in Ratkovich and the facts of the case sub judice, I agree with the majority that the evidence supports appellant's aiding and abetting conviction.
 {¶ 98} Second, while I agree with the majority's disposition of assignment of error number one, I write separately to stress to the trial court that admitting the evidence of the 2001 robbery was error. As the majority correctly points out, "[e]vidence of other crimes, wrongs or bad acts independent or unrelated to the offense for which a defendant is on trial is generally inadmissible to show criminal propensity." State v.Wickline (1990), 50 Ohio St.3d 114, 120. The evidence of the robbery was completely and unquestionably independent and unrelated to the offense for which appellant was on trial. It occurred two years prior to the offenses in question. Moreover, it did not demonstrate that appellant acted in accordance with some common scheme or plan. Thus, the trial court clearly should not have admitted this evidence.
 {¶ 99} The admission of this type of evidence, i.e. other bad acts evidence that in no way relates to the offense at issue, is highly prejudicial. Moreover, that prejudice is hard to overcome, even when a trial court gives a limiting instruction as it did in this case. The prejudicial effect of such evidence could taint and destroy the fairness of the whole trial, especially in cases where the remaining uncompromised evidence is relatively weak. However, this case is not one of those situations. Considering all the other remaining uncompromised evidence, like my colleagues, I cannot conclude that the erroneous admission of appellant's bad act requires reversal. In this case, the admission did not prejudice the outcome of the case.