WEIR, DIRECTOR OF TRANSPORTATION, APPELLEE, *v.* NEEDHAM, N.K.A. PERZ, ET AL., APPELLANTS.

*Anthony J. Celebrezze, Jr.,* attorney general, and *John D. Allton,* for appellee.

*Richard J. Marco,* for appellants.

(No. 1369—Decided May 1, 1985.)

MAHONEY, J. Defendants-appellants, Erva Needham, n.k.a. Erva Perz, and her husband, Thomas Perz, challenge an order issued by the Medina County Common Pleas Court denying their motion to set aside an appropriation judgment because their former attorney settled the lawsuit without their consent. We affirm.

Appellants are the owners of a parcel of real property located at 3970 Center Road, Brunswick, Ohio. On March 30, 1983, plaintiff-appellee, David

Weir, as Director of Transportation initiated eminent domain proceedings seeking to appropriate approximately fifteen feet of the front of the Perzes' property to widen the road.

Mr. and Mrs. Perz engaged attorney John Fox to represent them. Appellants never gave attorney Fox authority to settle the case. However, on November 18, 1983, a journal entry approved by Fox was filed settling the case. The Perzes were unaware of any developments in the case until late December 1983, when a neighbor informed them that a local newspaper had published a notice of settlement. Mr. Perz called Fox and was told that the entry was just a formality to set aside money and that the case was still pending.

On December 27, Fox sent the Perzes a letter requesting authority to settle the case. Mr. Perz again telephoned Fox and was again assured that the case was pending. On February 11, Mr. Perz called the court and learned that his case had been settled.

The Perzes obtained another attorney who filed a motion pursuant to Civ. R. 60(B) requesting relief from judgment. The motion was denied, prompting this appeal.

## ASSIGNMENTS OF ERROR

"I. The appellants herein are entitled to relief from judgment pursuant to Civil Rule 60(B). There has been a mistake as to the fact of settlement due to misconduct of counsel. Appellants were surprised as to the fact of settlement.

"II. The appellants herein, are entitled to relief from judgment under Rule 60(B) because their attorney settled their appropriation case without authority to do so. The misconduct of the attorney constituted a fraud upon the court and upon the appellants.

"III. When, as here, an attorney settles a case without authority, the client is entitled to relief from judgment, may maintain a malpractice action and may pursue disciplinary action. The client is not required to elect among remedies and may not be deprived of his constitutional rights in the original wrongfully settled action."

Civ. R. 60(B) provides in relevant part:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. * * *"

In order to prevail on a motion for relief from judgment, the movant must have a meritorious defense; be entitled to relief under one of the grounds stated in the rule; and make the motion in a timely fashion. *GTE Automatic Electric v. ARC Industries* (1976), 47 Ohio St. 2d 146 [1 O.O.3d 86], paragraph two of the syllabus.

Appellants have proposed a meritorious defense and have made the motion in a timely fashion. They contend that they have satisfied the second prong because they were surprised to learn that their attorney settled the case without their consent.

In *Argo Plastic Products Co. v. Cleveland* (1984), 15 Ohio St. 3d 389, 392-393, the Supreme Court said:

"We turn now to a consideration of whether the trial court properly denied the city's Civ. R. 60(B) motion with respect to the settlement agreement or damages. The city may indeed have been factually surprised, perhaps even shocked, that its counsel, who supposedly only had authority to settle a case for $2,500, settled the instant lawsuit for over $500,000. Nevertheless, we hold that the city is not entitled to relief from judgment under Civ. R. 60(B) pursuant to *GTE, supra.*

"This court held at paragraph four of the syllabus in *GTE, supra,* that:

" 'As a general rule, the neglect of a party's attorney will be imputed to the party for the purposes of Civ. R. 60(B)(1). (*Link* v. *Wabash R.R. Co.,* 370 U.S. 626, followed.)'

"In *GTE, supra,* we declined to allow relief from judgment under Civ. R. 60(B)(1) to a party whose attorney allegedly committed excusable neglect which resulted in a default judgment. We stated therein that:

" ' "* * * [I]f an attorney's conduct falls substantially below what is reasonable under the circumstances, the client's remedy is against the attorney in a suit for malpractice. But keeping this suit alive merely because * * * [defendant] should not be penalized for the omissions of his own attorney would be visiting the sins of * * * [defendant's] lawyer upon the * * * [plaintiff]." ' *Id.* at 152, quoting *Link* v. *Wabash R.R. Co.* (1962), 370 U.S. 626, 634, fn. 10.

"In our view, the principle expressed in *GTE, supra,* with respect to excusable neglect under Civ. R. 60(B)(1), applies equally to a claim of surprise under the same provision. For purposes of Civ. R. 60(B)(1), then, the conduct of counsel is imputed to his client. It follows that the city may not now obtain relief from judgment under Civ. R. 60(B)(1) solely on the ground of misconduct by *its own attorney.* Thus, under our holding in *GTE, supra,* any 'mistake, inadvertence, surprise or excusable neglect,' as set forth in Civ. R. 60(B)(1), by counsel for a party does not entitle that party to relief from judgment under the rule.

"In the case *sub judice,* the city occupies the same position as did ARC Industries in *GTE, supra.* As we did in *GTE,* we therefore impute Kless' actions to the city in considering whether the city may obtain relief from judgment under Civ. R. 60(B)(1). That being the case, the city's contention that Civ. R. 60(B) relief is warranted where its attorney exceeds his settlement authority is without merit. The city's remedy, if any, lies elsewhere."

The above-quoted reasoning applies to the instant case.

The Perzes also argue that a fraud was perpetrated on the court necessitating relief from judgment. We do not agree. Fox was, in fact, employed by the Perzes to represent them. He had apparent authority to settle the case. His clients could have ratified the settlement. Thus, any fraud perpetrated was by the attorney on his clients.

While we sympathize with Mr. and Mrs. Perz, we do not believe that Civ. R. 60(B) applies. It would be unfair to reopen the case after the state, acting in good faith, has relied on the judgment, has taken title to the property, and proceeded with its plans to widen the road.

Appellants' assignments of error are overruled. The judgment is affirmed.

*Judgment affirmed.*

GEORGE, P.J., and BAIRD, J., concur.