FLOWERS et al., Appellees,

v.

RIGDON, Appellant.

[Cite as *Flowers v. Rigdon* (1995), 101 Ohio App.3d 172.]

Court of Appeals of Ohio,
Twelfth District, Clermont County.

No. CA94–07–059.

Decided Feb. 13, 1995.

*Droder & Miller Co., L.P.A., A. Dennis Miller* and *Jeffrey T. Kenney,* for appellees.

*Robert L. Davis,* for appellant.

WILLIAM W. YOUNG, Judge.

Defendant-appellant, Russell L. Rigdon, appeals the Clermont County Court of Common Pleas' decision setting aside an entry of dismissal in a civil suit between himself and plaintiffs-appellees, William J. and Kimberly Flowers.

This action arises out of an October 1, 1990 automobile accident between Rigdon and William Flowers in Clermont County. The Flowers hired attorney

Robert Linder to represent them. They filed suit against Rigdon on September 28, 1992.

On July 13, 1993, attorney Linder participated in a settlement conference with Rigdon's attorney. Linder agreed to settle the Flowers' claims for $21,000. Rigdon's counsel sent Linder a prepared entry of dismissal, a release, and a draft in the amount of the $21,000 settlement. Linder forged the Flowerses' signatures to the dismissal entry, the release, and the draft. The trial court journalized the fraudulent dismissal entry on September 24, 1993. Linder negotiated the forged draft and kept the settlement proceeds for himself.

The Flowerses did not discover that Linder had settled their case until February 1994. They filed a motion to set aside the entry of dismissal on April 4, 1994. The trial court held a hearing on that motion April 26, 1994. The Flowerses both testified that Linder did not have authority to settle their case. Both testified that the settlement draft, the release agreement and the entry of dismissal did not contain their signatures. They stated that Linder converted the $21,000 for his own use. At the end of the hearing, the Flowerses' new counsel suggested that Rigdon's insurance carrier, as issuer of the settlement draft, has recourse under the Uniform Commercial Code against the bank that endorsed the forged instrument.

On May 24, 1994 the trial court granted the Flowerses' motion to set aside the September 24, 1993 entry of dismissal under Civ.R. 60(B)(5). In its decision, the court found that Linder's conduct constituted "fraud upon the Court." The court stated:

"Attorney Linder participated in a settlement conference in the presence of the Court with full knowledge that he had no authority to resolve the matter and without the knowledge or consent of his client. Attorney Linder further forged not only the draft and releases for the Defendant's insurance company, but also the signatures of the Plaintiffs upon the entry of dismissal presented to the Court as a final order. Attorney Linder's conduct so subverted the judicial system from functioning in its customary manner as to require this Court to grant Plaintiffs' request for relief from judgment."

Rigdon sets forth four assignments of error. All four are closely related and will be considered together. Under Rigdon's first assignment of error, he argues that the actions of attorney Linder should be imputed to the Flowerses. Rigdon contends, under his second assignment of error, that the court erred in setting aside the dismissal entry without a sufficient showing of fraud perpetrated on the court by Rigdon. Under Rigdon's third assignment of error, he claims the court erred in setting aside the dismissal where the fraud was perpetrated by the Flowerses on Rigdon. Finally, under his fourth assignment of error, Rigdon

asserts that the trial court erred in setting aside the dismissal because the Flowerses used improper argument to prejudice the defense.

Rigdon points out that the neglect of a party's attorney will generally be imputed to that party. *Argo Plastic Products Co. v. Cleveland* (1984), 15 Ohio St.3d 389, 393, 15 OBR 505, 508, 474 N.E.2d 328, 331–332. However, under Civ.R. 60(B)(5), a court may set aside its own judgment based on evidence that fraud has been perpetrated upon the court. *Coulson v. Coulson* (1983), 5 Ohio St.3d 12, 15, 5 OBR 73, 76, 448 N.E.2d 809, 811; see, also, *Chambers v. NASCO, Inc.* (1991), 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (federal court has inherent power to vacate its own judgment upon proof that fraud has been perpetrated upon the court). The Staff Notes to Civ.R. 60(B) support this proposition, specifically stating: "A court might utilize the catch-all provision [60(B)(5) ] to vacate a judgment vitiated by a fraud upon the court. Fraud upon the court differs from Rule· 60(B)(3), fraud or misrepresentation by an adverse party."

"Fraud upon the court" is an elusive concept and must be defined narrowly:

" 'Fraud upon the court' should, we believe, embrace only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by the officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication. Fraud, *inter partes*, without more, should not be a fraud upon the court, but redress should be left to a motion under 60(B)(3) or to the independent action." *Id.*, quoting 7 Moore's Federal Practice (2 Ed.1971) 515, paragraph 60.33.

 Where an attorney, an officer of the court, actively participates in defrauding the court, the court may entertain a motion for relief from judgment under Civ.R. 60(B)(5). The trial court is in the best position to determine the existence of fraud upon the court, and its conclusion in that regard is entitled to great weight. *Coulson, supra,* 5 Ohio St.3d at 16, 5 OBR at 76–77, 448 N.E.2d at 812, citing with approval *Hartford v. Hartford* (1977), 53 Ohio App.2d 79, 85, 7 O.O.3d 53, 56, 371 N.E.2d 591, 595–596.

 In this case, the trial court could reasonably conclude that Linder perpetrated a fraud upon court. In forging the Floweres' signatures to the dismissal entry, Linder not only violated his duty to his clients, he defiled the court itself. Linder, in effect, used his position as an officer of the court to defraud all parties involved in this case. His actions cannot be condoned, and his fraudulent conduct should not be imputed to his clients.

The court recognizes that Rigdon bears no responsibility for Linder's malfeasance and is himself a victim. Although Rigdon was not involved in perpetrating a fraud upon the court, the trial court was not prohibited from setting aside its

earlier entry of dismissal. Linder's conduct "so subverted the judicial system from functioning in its customary manner" that the lower court was justified in granting the Flowerses' Civ.R. 60(B)(5) motion.

 Finally, in response to Rigdon's fourth assignment of error, this court agrees that a court should not consider that a party is insured or that an insurance carrier has recourse under the UCC in determining whether to set aside a judgment. However, in this case the trial court did not base its decision on the Flowerses' references to Rigdon's insurance carrier.

The lower court acted within its discretion to set aside the entry of dismissal under Civ.R. 60(B)(5). Rigdon's four assignments of error are overruled.

*Judgment affirmed.*

WALSH, J., concurs.

JONES, P.J., dissents.

FRED E. JONES, P.J., retired, of the Twelfth Appellate District, sitting by assignment.

FRED E. JONES, Presiding Judge, dissenting.

The majority's conclusion that relief from judgment is proper under the circumstances of this case ignores the well-settled principle that the misconduct of a party's own attorney does not provide grounds for vacating a judgment under Civ.R. 60(B). Therefore, I dissent.

In *Argo Plastic Products Co. v. Cleveland* (1984), 15 Ohio St.3d 389, 15 OBR 505, 474 N.E.2d 328, the Ohio Supreme Court considered whether relief from judgment was appropriate under circumstances similar to this case. The plaintiff in *Argo Plastic* was evicted from its place of business by the city of Cleveland pursuant to an urban renewal plan. The plaintiff subsequently brought suit to recover its relocation costs. A settlement conference was held and the city's attorney offered to settle the case for $553,673. The plaintiff accepted this offer and the case was settled. Three months later, the city filed a Civ.R. 60(B) motion because its attorney did not have authority to settle the case for an amount greater than $2,500.

The Supreme Court held that the misconduct of a party's *own* attorney does not provide grounds for a client to seek relief from judgment under Civ.R. 60(B). The court followed the rationale of its prior decision in *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, and reasoned that to allow relief from judgment under these circumstances would be tantamount to "visiting the sins of the [city's] lawyer on the plaintiff." *Argo*

*Plastic, supra,* 15 Ohio St.3d at 392, 15 OBR at 508, 474 N.E.2d at 331. The court also indicated that in these circumstances the proper remedy for the aggrieved client is a malpractice suit or some other tort remedy against the attorney, and not Civ.R. 60(B) relief from the judgment entry. *Id.* Numerous other cases have also held that a client is bound by the acts of his attorney, whether authorized or not, and that an attorney's misfeasance or nonfeasance against his own client does not justify Civ.R. 60(B) relief from judgment. See *Brown v. Akron Beacon Journal Publishing Co.* (1991), 81 Ohio App.3d 135, 610 N.E.2d 507; *Weir v. Needham* (1985), 26 Ohio App.3d 36, 26 OBR 205, 498 N.E.2d 175; *Stroupe v. Rafferty* (Nov. 11, 1994), Madison App. No. CA94-03-008, unreported, 1994 WL 606205. The majority's decision in this case ignores the express mandate of *Argo Plastic* and other appellate decisions which have firmly established that the misconduct of a party's own attorney does not justify relief from judgment under Civ.R. 60(B).

The Flowerses freely chose to hire Linder as their counsel. Linder then breached his fiduciary duty in grand fashion. It would be patently unjust to set aside a voluntary dismissal which Linder had apparent authority to enter and again subject Rigdon to liability. This would force Rigdon or his insurance carrier to pursue a claim against Linder for the return of the $21,000 when in fact it was the Flowerses who chose to hire Linder and place their trust in his diligence and honesty as a lawyer. As the Supreme Court indicated in *Argo Plastic* and *GTE,* the Flowerses' proper remedy in this situation is a suit against Linder for conversion, fraud, breach of fiduciary duty, or malpractice, and not relief from judgment. Accordingly, the majority's conclusion that Civ.R. 60(B) relief is appropriate in this case is erroneous. Therefore, I dissent.