DECISION AND JUDGMENT ENTRY
Plaintiffs-appellants, Ronald J. Kurth and Kathleen Kurth, appeal from a judgment of the Lucas County Court of Common Pleas denying their motion for relief from judgment filed pursuant to Civ.R. 60(B)(5). We reverse the judgment of the trial court.
On June 14, 1994, Ronald Kurth was involved in a motor vehicle collision. As a consequence of the injuries received in that collision, Ronald and his spouse, Kathleen, filed a negligence/loss of consortium action against the alleged tortfeasor, appellee, Thomas P. Montion. Appellants also raised an uninsured/underinsured motorist claim against their own motor vehicle insurer, appellee, Nationwide Insurance Company. Appellants were represented by Attorney Michael E. McGill.
On July 23, 1998, the trial court dismissed appellants' lawsuit, with prejudice. The court's judgment entry indicates that the matter was settled between all of the parties and is signed by the judge and approved by the respective attorneys, including McGill, for all parties.
On April 10, 2000, appellants filed a motion, pursuant to Civ.R. 60(B)(5) for relief from judgment. In support of their motion, Ronald and Kathleen each filed an affidavit in which they averred that on December 16, 1996, McGill entered into a settlement with Nationwide on their behalf, but without their consent. According to the affidavits, McGill accepted a draft for $50,000 from Nationwide and forged appellants' names in order to cash the draft. Appellants further swore that they neither received any of the proceeds from the "settlement" nor consented to the dismissal of their cause of action. In a second set of affidavits, both Ronald and Kathleen vowed that they did not learn that their case was dismissed in 1998 until February 2000 when, after not hearing from McGill for a number of months and being unable to contact him, they asked their current counsel to look into the matter.
At the hearing on appellants' motion, it was essentially admitted that McGill entered into the settlement agreement without his clients' consent, obtained the $50,000 check from Nationwide, forged appellants' names on the check and took the proceeds. It was also revealed that Nationwide, despite repeated and numerous requests, never obtained a release from McGill. As to the dismissal of the case against Montion, it was disclosed that McGill obtained a settlement check in the amount of $12,500 from Montion's motor vehicle liability insurer on December 27, 1996; however, it was unclear whether the check was ever negotiated. Montion, like Nationwide, never received a release signed by appellants.
At the hearing on their motion, appellants argued that they were entitled to relief from judgment because McGill perpetrated a fraud upon the court. In rendering its oral decision, the court relied on ArgoPlastics Co. v. Cleveland (1984), 15 Ohio St.3d 389, and GTE AutomaticElec., Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, to find that appellants' remedy was a suit for malpractice against McGill[1]. Final judgment denying appellants' motion was filed on September 25, 2000. Appellants appeal this judgment and set forth the following assignment of error:
 "The Lucas County Court of Common Pleas erred in denying Appellants' Rule 60(B)(5) Motion for Relief from that Court's prior order that had dismissed Appellants' case, since the previous order had been secured through fraudulent representations to the Court by Appellants' prior counsel."
In order to prevail on a motion brought pursuant to Civ.R. 60(B), the moving party must demonstrate that "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec., Inc. v. ARC Industries, Inc., 47 Ohio St.2d at paragraph two of the syllabus. All three of the requirements must be met for the motion to be granted. Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 20. Nevertheless, Civ.R. 60(B) is a remedial rule to be liberally construed with a view toward effecting a just result. Id. at 21.
The trial court's ruling on a motion for relief from judgment will not be disturbed on appeal absent a showing of abuse of discretion. Griffeyv. Rajan (1987), 33 Ohio St.3d 75, 77; Moore v. Emmanuel Family TrainingCtr. (1985), 18 Ohio St.3d 64, 66. An abuse of discretion occurs when the attitude of the trial court in reaching its decision is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
In the present case, it is undisputed that Ronald Kurth received serious personal injuries as a result of the motor vehicle collision that occurred on June 14, 1994. Furthermore, it is undisputed that appellants held a contract for underinsured motor vehicle coverage with Nationwide at the time of the collision. Thus, Ronald and Kathleen can presentpotentially meritorious personal injury, loss of consortium and underinsured claims if the motion for relief from judgment is granted. See Colley v. Brazell (1980), 64 Ohio St.2d 243, 247, n. 7. The only issues remaining on the Civ.R. 60(B) motion are whether appellants' alleged ground for relief falls under Civ.R. 60(B)(5) and, if so, whether appellants filed their motion within a reasonable time.
Fraud upon the court can constitute grounds for relief under Civ.R. 60(B)(5). Coulson v. Coulson (1983), 5 Ohio St.3d 12, paragraph one of the syllabus. Fraud upon the court, within the purview of Civ.R. 60(B)(5), is limited to "fraud connected with the presentation of a case to a court * * * [w]here an officer of the court, e.g., an attorney, * * * actively participates in defrauding the court" Id. at 15, quotingToscano v. Commr. of Internal Revenue (C.A.9, 1971), 441 F.2d 930, 933. Thus, fraud connected with the active deception of the court by an attorney falls within the ambit of Civ.R. 60(B)(5). Austin v. Payne
(1995), 107 Ohio App.3d 818, 822-823.
Here, McGill negotiated a settlement with Nationwide and with the tortfeasor's motor vehicle insurer without his clients' knowledge or consent, forged appellants' names to the check or checks issued by the respective insurers and, at least with respect to the check issued by Nationwide, obtained the proceeds. He then submitted a judgment entry of dismissal of the case to the court, again without his clients' knowledge or consent, representing to that court that "that this matter have [sic] been settled by and between the parties thereto."
The act of misrepresenting that a case is settled and that all parties agree to a voluntary dismissal, with prejudice, by an officer of the court constitutes active participation in defrauding the court and prevents the judicial system from functioning in its customary manner. See Rigdon v. Flowers (1995), 101 Ohio App.3d 172, 175-176. Thus, appellants' motion falls within the purview of Civ.R. 60(B)(5). Furthermore, in undisputed statements in their affidavits, both Ronald and Kathleen attested to the fact that less than two months time elapsed between the time they began their inquiry into the status of their case and the filing of the Civ.R. 60(B)(5) motion. Therefore, the motion was filed within a reasonable time. Accordingly, the trial court abused its discretion in denying appellants' motion for relief from judgment. Appellants' sole assignment of error is found well-taken.
On consideration whereof, this court finds that substantial justice has not been done the parties complaining, and the judgment of the Lucas County Court of Common Pleas is reversed. This cause is remanded to that court for further proceedings consistent with this judgment. Appellees are ordered to pay the costs of this appeal.
James R. Sherck, J., CONCUR.
Richard W. Knepper, J., dissents and writes separately.
[1] In reaching our decision we have considered those cases cited by the trial court as the basis for its judgment. In Argo PlasticProducts, Co., the city of Cleveland sought relief from judgment under Civ.R. 60(B)(1) claiming surprise that the city's attorney exceeded the amount authorized for the settlement of the plaintiffs' claims. Id. at 392. The court found that the city could not obtain relief from judgmentunder Civ.R. 60(B)(1) on the ground of misconduct by its own attorney.Id. at 392-393.
The second case, GTE Automatic Electric, Inc. v. ARC Industries, Inc.,47 Ohio St.2d 146, reads, at paragraph four of the syllabus: "As a general rule, the neglect of a party's attorney will be imputed to the party for the purposes of Civ.R. 60(B)(1)." (Citation omitted.) In GTE, the alleged neglect of the defendant's attorney to file an answer to a complaint resulted in a default judgment against his client. Id. at 147. The facts of this case did not warrant a consideration of Civ.R. 60(B)(5). Id. at 151.
Thus, the applicability of fraud upon the court as a ground for relief under Civ.R. 60(B)(5) was not considered in either of these cases. Furthermore, their holdings were expressly limited to motions for relief from judgment made pursuant to Civ.R. 60(B)(1). Consequently, the trial court's reliance on these cases as support for its decision is misplaced.