OPINION
{¶ 1} Defendant-appellant Jason Damron appeals from his convictions and sentences in the Licking County Court of Common Pleas on one count of aggravated possession of drugs in violation of R.C. 2925.11(A)(C)(1)(a), a felony of the fifth degree and one count of possession of marijuana in violation of R.C.2925.11(A)(C)(3)(a), a minor misdemeanor. Plaintiff-appellee is the State of Ohio.
 {¶ 2} On April 7, 2004 members of the Central Ohio Drug Enforcement Task Force (CODE) were conducting surveillance at the Buckeye Lake Truck Stop, Buckeye Lake, Licking County, Ohio. Observations of the appellant in a 2004 Toyota Camry led officers to call the Newark Police Dispatch and request a license plate and registration check. The report from the dispatch indicated that the vehicle had been recently stolen. The CODE officers then requested from Buckeye Lake Police Department. Shortly thereafter, Captain Hanzey of the Buckeye Lake Police Department stopped the vehicle on State Route 79, just north of Interstate 70 near Buckeye Lake, Licking County, Ohio. With assistance from CODE officers, three individuals in the vehicle were secured and identified. At this time, appellant was identified as the driver of the stolen vehicle.
 {¶ 3} Once secured, Detective Bline, of the CODE approached the vehicle and observed in plain view a small bag of green, leafy vegetation just under the rear edge of the front passenger seat. To further the investigation, Deputy Spung, of the Licking County Sheriff's office, responded to conduct a canine sweep of the vehicle. During the sweep, K-9 Rex gave two positive alerts on the exterior of the vehicle and one positive alert underneath the front passenger seat. A search of the vehicle was then performed and resulted in the recovery of a small baggy of white powder between the center console and front passenger seat, a pipe with residue in the overhead storage space, a package of rolling papers, and the above-mentioned bag of green, leafy vegetation.
 {¶ 4} Shortly after the search of the vehicle, the appellant admitted to Detective Bline that he had recently used methamphetamine, but he denied ownership of any of the items found in the vehicle. According to Detective Bline, during this conversation, the appellant appeared to be under the influence of some type of narcotic. Detective Bline stated that appellant, exhibited signs of narcotic use, which was "fidgetiness" and "he appeared to have signs of past use". Based upon his observations and the items found in the vehicle, the officers applied for and obtain a search warrant for the blood/urine of the appellant. A urine sample was obtained and according to lab tests performed by the State Highway Patrol Crime Lab, the appellant tested positive for methamphetamines and marijuana.
 {¶ 5} The glass pipe with residue, the plastic bag containing white powder and the plastic bag containing green, leafy material were sent to the Newark Division Police, Forensic Science Unit. The laboratory report dated April 8, 2004, indicated that the residue in the glass pipe as well as the white power contained within the plastic bag were methamphetamine. The green, leafy vegetation was identified as marijuana.
 {¶ 6} Appellant filed several pre-trial motions. On August 3, 2004, he filed a motion to suppress. He filed an amended motion to suppress on August 9, 2004. Additionally, appellant filed a motion to dismiss count two on August 13, 2004, with an amended version filed on August 20, 2004. In the interim appellant also requested a bond modification on August 18, 2004.
 {¶ 7} On August 24, 2004, the court held an oral hearing on the suppression motion. The court denied the motion to suppress and also denied the motion to dismiss count two of the indictment. On that same day, the court modified appellant's bond. Appellant filed a motion for funds to retain a toxicologist on August 27, 2004. An oral hearing on this motion took place on September 7, 2004. The trial court denied the motion on September 17, 2004. On November 30, 2004, appellant entered a plea of no contest to both counts in the indictment. On January 27, 2005, after being arrested on a capias appellant was sentenced to a term of ten months incarceration on count one of the indictment. The court did not impose a fine. The court entered no fine on the minor misdemeanor possession of marijuana charge. The trial court further ordered appellant to pay the costs of the action.
 {¶ 8} Appellant timely appealed and submits the following assignment of error for our consideration:
 {¶ 9} "I. The trial court committed harmful error in convicting the defendant-appellant of drug possession when the record fails to establish, by proof beyond a reasonable doubt, that the trial court was the proper venue to hear the case."
 I. {¶ 10} In his sole assignment of error, appellant maintains that the trial court erred in finding him guilty because the state failed to prove that appellant possessed drugs in Licking County, Ohio. We disagree.
 {¶ 11} Initially, we note that appellant never challenged the sufficiency of the indictment at any time before or during his change of plea hearing. An appellate court need not consider an error which was not called to the attention of the trial court at a time when such error could have been avoided or corrected by the trial court. State v. Williams (1977), 51 Ohio St.2d 112,117, 101, 364 N.E.2d 1364, 1367.
 {¶ 12} Moreover, the failure to object also indicates a waiver of any defect in the indictment and the bill of particulars. State v. Kenney (May 10, 2000), 5th Dist. No. CA93-480A, State v. Avery (1998), 26 Ohio App.3d 36,709 N.E.2d 875, State v. Biros (1997), 78 Ohio St.3d 426, 436,678 N.E.2d 891, 901-902, citing State v. Joseph (1995), 73 Ohio St.3d 450,455, 653 N.E.2d 285, 290-291; and State v. Mills (1992),62 Ohio St.3d 357, 363, 582 N.E.2d 972, 980 (Under Crim. R. 12(B) and 12(G), alleged defects in an indictment must be asserted before trial or they are waived"); see, also, State v. Williams
(1977), 51 Ohio St.2d 112, 117, 98, 101, 364 N.E.2d 1364,1367-1368, death penalty vacated (1977), 438 U.S. 911,98 S.Ct. 3137, 57 L.Ed.2d 1156.
 {¶ 13} In the case sub judice, appellant submitted during the pendency of the proceedings a request for a bill of particulars, motion to dismiss, motion to suppress, and a request for funds to retain an expert witness. Appellant did not request a more precise venue statement in any of his motions or requests. We would also note that appellant did not raise the issue before entering his no contest plea during the hearing held on November 30, 2004. In fact the trial court gave appellant the opportunity to consult with counsel and to bring any disagreement with the facts underlying the indictment to the attention of the court. (Change of Plea Hearing, Nov. 30, 2004 at 7). When asked by the trial court if he agreed with the facts presented, appellant responded "Yes, I do." (Id. at 9). Since appellant did not raise the issue in any of his pre-trial motions, or in a separate motion, or during the plea hearing, we hold that appellant effectively waived this issue for purposes of appeal.
 {¶ 14} Additionally, appellant pled no contest to the charges against him. When a defendant pleads no contest to an indictment, it is an admission of the proper venue. State v. Johnson (May 30, 2001), Lorain App. No. 99 CA 7449; State v. Schmidhammer
(May 24, 1994), Franklin App. No. 93APC10-1452; State v. Ulrich
(Feb. 12, 1990), Stark App. No. CA-7905.
 {¶ 15} Accordingly, our review of the alleged error must proceed under the plain error rule of Crim. R. 52(B). State v.Joseph (1995), 73 Ohio St.3d 450, 455, 653 N.E.2d 285, 291. Crim.R. 52(B) provides that, "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Long (1978),53 Ohio St.2d 91, paragraph three of the syllabus. In order to find plain error under Crim.R. 52(B), it must be determined, but for the error, the outcome of the trial clearly would have been otherwise. Id. at paragraph two of the syllabus.
 {¶ 16} In U.S. v. Dominguez Benitez (June 14, 2004),542 U.S. 74, 124 S.Ct. 2333, 159 L.Ed.2d 157, the Court defined the prejudice prong of the plain error analysis. "It is only for certain structural errors undermining the fairness of a criminal proceeding as a whole that even preserved error requires reversal without regard to the mistake's effect on the proceeding. SeeArizona v. Fulminante, 499 U.S. 279, 309-310 (1991) (giving examples).
 {¶ 17} "Otherwise, relief for error is tied in some way to prejudicial effect, and the standard phrased as `error that affects substantial rights,' used in Rule 52, has previously been taken to mean error with a prejudicial effect on the outcome of a judicial proceeding. See Kotteakos v. United States,328 U.S. 750 (1946). To affect "substantial rights," see 28 U.S.C. § 2111, an error must have "substantial and injurious effect or influence in determining the . . . verdict." Kotteakos, supra, at 776."124 S.Ct. at 2339. See, also, State v. Barnes (2002),94 Ohio St.3d 21, 759 N.E.2d 1240.
 {¶ 18} The defendant bears the burden of demonstrating that a plain error affected his substantial rights. United States v.Olano (1993), 507 U.S. at 725,734, 113 S.Ct. 1770; State v.Perry (2004), 101 Ohio St.3d 118, 120, 802 N.E.2d 643, 646. Even if the defendant satisfies this burden, an appellate court has discretion to disregard the error and should correct it only to `prevent a manifest miscarriage of justice.'" State v. Barnes
(2002), 94 Ohio St.3d 21, 27, 759 N.E.2d 1240, quoting State v.Long (1978), 53 Ohio St.2d 91, 372 N.E.2d 804, paragraph three of the syllabus. Perry, supra, at 118, 802 N.E.2d at 646.
 {¶ 19} Section 10 of Article I of the Ohio Constitution requires that: "* * * [i]n any trial, in any court, the party accused shall be allowed * * * a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed * * *. "Crim.R. 18(A) states that, "(t)he venue of a criminal case shall be as provided by law."
 {¶ 20} "Venue is not a material element of any offense charged. The elements of the offense charged and the venue of the matter are separate and distinct. State v. Loucks (1971),28 Ohio App.2d 77, 274 N.E.2d 773, and Carbo v. United States
(C.A.9, 1963), 314 F.2d 718. Yet, in all criminal prosecutions, venue is a fact that must be proved at trial unless waived.State v. Nevius (1947), 147 Ohio St. 263, 71 N.E.2d 258."State v. Draggo (1981), 65 Ohio St.2d 88, 90,418 N.E.2d 1343, 1345.
 {¶ 21} R.C. 2901.12 contains the statutory foundation for venue. The relevant provisions of this section read, in pertinent part, as follows:
 {¶ 22} "(A) The trial of a criminal case in this state shall be held in a court having jurisdiction of the subject matter, and in the territory of which the offense or any element of the offense was committed.
 {¶ 23} The "`locus delicti [of the charged offense] must be determined from the nature of the crime alleged and the location of the act or acts constituting it.'" United States v.Cabrales (1998), 524 U.S. 1, 6-7, 118 S.Ct. 1772 (quoting UnitedStates v. Anderson (1946), 328 U.S. 699, 703, 66 S.Ct. 1213,). In performing this inquiry, a court must initially identify the conduct constituting the offense (the nature of the crime) and then discern the location of the commission of the criminal acts. See United States v. Rodriguez (1999), 526 U.S. 275, 279,119 S.Ct. 1239, 1242-1243; Cabrales, supra, at 6-7, 118 S.Ct. 1772;Travis v. United States (1961), 364 U.S. 631, 635-637,81 S.Ct. 358; United States v. Cores (1958), 356 U.S. 405, 408-409,78 S.Ct. 875; Anderson, supra, at 703-706, 66 S.Ct. 1213. "Dissection of the relevant provisions, namely R.C. 2901.12(A) and (H) and, more specifically, (G), explicitly denotes that venue is proper if `* * * (the) offense or any element' was committed in the court's jurisdiction." State v. Draggo (1981),65 Ohio St.2d 88, 90-91, 418 N.E.2d 1343, 1345.
 {¶ 24} Accordingly disposition of appellant's proposition of law is dependent upon the determination of whether "any element" of the crimes were committed within Licking County, thereby making that county a proper location for the trial. The foregoing must unquestionably be answered in the affirmative. State v.Draggo, supra.
 {¶ 25} The elements of a crime are the constituent parts of an offense which must be proved by the prosecution to sustain a conviction. Elements necessary to constitute a crime must be gathered wholly from statute and not aliunde. State v. Draggo,
supra citing State v. Winters (1965), 2 Ohio St.2d 325,209 N.E.2d 131; State v. Cimpritz (1953), 158 Ohio St. 490,110 N.E.2d 416.
 {¶ 26} "Where the indictment, information, or complaint contains sufficient allegations to state a felony offense and the defendant pleads no contest, the trial court must find the defendant guilty of the charged offense. See State v. Rader
(1988), 55 Ohio App.3d 102, 563 N.E.2d 304; see, also, 2 Schroeder-Katz, Ohio Criminal Law and Practice (1992) 248, Section 33.01". State, ex rel. Stern v. Mascio (1996),75 Ohio St.3d 422, 425, 662 N.E.2d 370, 373. The trial court thus possesses discretion to determine whether the facts alleged in the indictment, information, or complaint are sufficient to justify conviction of the offense charged. Id. at 423,662 N.E.2d at 372.
 {¶ 27} In the case at bar, appellant was the driver of a vehicle that had been reported as a stolen vehicle. (Change of Plea Hearing, Nov. 30, 2004 at 7). In plain view was a bag which was later identified by laboratory analysis as marijuana. (Id. at 8). Also found in the vehicle was a small bag containing white powder. (Id.). Laboratory tests revealed that this powder contained methamphetamine. (Id.). Appellant's urinalysis tested positive for methamphetamine. (Id.). The traffic stop occurred in Licking County, Ohio. (Id. at 7). Appellant agreed with the accuracy of these facts. (Id. at 9).
 {¶ 28} Based upon the record, we find that appellant has failed to demonstrate that a plain error affected his substantial rights. The record contains sufficient evidence that the crimes occurred in Licking County, Ohio.
 {¶ 29} Accordingly, appellant's sole assignment of error is overruled.
 {¶ 30} For the foregoing reasons, the judgment of the Licking County Court of Common Pleas, Ohio, is affirmed.
Gwin, P.J., Hoffman, J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Court of Common Pleas, Ohio, is affirmed. Costs to appellant.