[Cite as *State v. Kinn*, 2020-Ohio-512.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28336 |
| | : | |
| v. | : | Trial Court Case Nos. 2018-CR-826 |
| | : | and 2018-CR-2276 |
| JASON P. KINN | : | |
| | : | (Criminal Appeal from |
| Defendant-Appellant | : | Common Pleas Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 14th day of February, 2020.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by SARAH E. HUTNIK, Atty. Reg. No. 0095900, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

BRIAN A. MUENCHENBACH, Atty. Reg. No. 0088722, 40 North Main Street, 1900 Kettering Tower, Dayton, Ohio 45423
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

**{¶ 1}** Defendant-appellant, Jason P. Kinn, appeals from his conviction in the Montgomery County Court of Common Pleas in two cases: he pled no contest to one count of aggravated possession of drugs and one count of possession of drugs in Montgomery C.P. No. 2018-CR-826, and he pled no contest to one count of possession of drugs in Montgomery C.P. No. 2018-CR-2276. Other counts were dismissed in exchange for his pleas. On appeal, Kinn challenges the trial court's decision in Case No. 2018-CR-826 overruling his motion to suppress the drug evidence; he raises no argument on appeal with respect to his conviction in Case No. 2018-CR-2276. For the reasons outlined below, the judgments of the trial court will be affirmed.

**Facts and Course of Proceedings**

**{¶ 2}** On April 10, 2018, the Montgomery County Grand Jury returned an indictment in Case No. 2018-CR-826 charging Kinn with one count of aggravated possession of drugs (methamphetamine), a felony of the second degree; one count of possession of drugs (heroin), a felony of the fifth degree; and one count of possession of drugs (alprazolam), a misdemeanor of the first degree. The drugs in question were discovered during a traffic stop of a vehicle in which Kinn was riding as a backseat passenger. Kinn initially pled not guilty to the charges and subsequently filed a motion to suppress the drug evidence. In support of his motion to suppress, Kinn raised a single argument that challenged the legality of the traffic stop. Specifically, Kinn argued that the police officers who effectuated the traffic stop did not have a reasonable suspicion of criminal activity to justify the stop.

**{¶ 3}** On August 10, 2018, the trial court held a suppression hearing during which

the State presented testimony from Officer Douglas Thompson of the Dayton Police Department. No other witnesses testified at the hearing. Officer Thompson testified that on the night of February 27, 2018, he was on duty with his partner, Officer Jeremy Campbell, patrolling "the East Second Street, Woodley area—Westview, Cherrywood, that whole area up in there." Supp. Trans. p. 7. Officer Thompson testified that he and Officer Campbell were traveling in a police cruiser together when they observed a 1999 Toyota Camry pull out of a driveway on North Wright Avenue.[1] Officer Thompson testified that he and Officer Campbell followed the vehicle on North Wright Avenue where he observed the vehicle approach a stop sign at an intersection with Woodley Road. Officer Thompson testified that when the vehicle approached the stop sign, the vehicle initiated its right turn signal "roughly about ten feet from the front of the car to the stop sign[.]" *Id.* at 10. Officer Thompson testified that the vehicle then turned right onto Woodley Road.

**{¶ 4}** After the vehicle turned right onto Woodley Road, Officer Thompson and Officer Campbell continued to follow the vehicle. While traveling on Woodley Road, Officer Thompson testified that he observed the vehicle approach a stop sign at an intersection with North Smithville Road. Officer Thompson testified that the vehicle signaled a right turn onto North Smithville Road and initiated its turn signal while "[t]he front of the vehicle was very close, if not at, the stop sign[.]" *Id.* at 11. Officer Thompson testified that he and Officer Campbell then activated the overhead lights on their police cruiser and initiated a traffic stop for two turn signal violations. Specifically, Officer

[1] Thompson testified that the driveway the vehicle pulled out of was the driveway of a known drug house; however, Thompson clarified that this fact was not known until later in time and was not part of his and Officer Campbell's reason for following the vehicle.

Thompson testified that the traffic stop was made and the driver was cited for failing to initiate his turn signal 100 feet prior to turning right onto Woodley and North Smithville Roads.[2]

{¶ 5} The alleged turn signal violations observed by Officers Thompson and Campbell were captured on video by their police cruiser camera. The cruiser camera video footage was played for the trial court and admitted into evidence as State's Exhibit 2. The video footage largely confirmed Officer Thompson's testimony. During the first turn at Woodley Road, the vehicle can be seen initiating its turn signal just a few feet before stopping and turning at the stop sign. During the second turn at North Smithville Road, the vehicle can be seen initiating its turn signal about the same time it stops at the stop sign. It is clear from the video that the vehicle did not initiate its turn signal 100 feet before turning.

{¶ 6} On cross-examination, Kinn's trial counsel attempted to question Officer Thompson regarding the contents of a police report prepared by Officer Campbell. The State objected to that line of questioning on grounds that the report was not prepared by Officer Thompson. In ruling on the objection, the trial court found that the contents of the report were inadmissible since Officer Campbell was not testifying at the hearing and because the report was not Officer Thomson's "prior statement." Supp. Trans. p. 25. Therefore, the trial court sustained the State's objection on hearsay grounds.

{¶ 7} After the trial court sustained the State's objection, Kinn's trial counsel

---

[2] Although the statutory provision requiring drivers to signal 100 feet before turning was not admitted into evidence, see R.C. 4511.39(A), the defense stated on the record that it was not contesting the fact that failing to signal 100 feet before turning is a violation of the law.

questioned Officer Thompson about a discussion he had with Officer Campbell that was recorded on the cruiser camera video. The video footage established that after running the license plate of the vehicle in question, the officers discussed the registered owner of the vehicle being a known associate of a sexually violent predator. Immediately after discovering this information, and simultaneous to the vehicle's second turn signal violation, Officer Thompson can be heard on the video saying: "Well light 'em up, see what's going on."

{¶ 8} At the close of the suppression hearing, defense counsel argued that the timing of Officer Thompson's statement established that the traffic stop was a pretext for him and Officer Campbell to investigate whether there was a sexually violent predator in the area. In ruling on the motion to suppress, the trial court agreed that Officer Thompson's statement indicated that he had a subjective, ulterior motivation for stopping the vehicle. However, the trial court found that Officer Thompson's subjective motivation did not render the traffic stop illegal since the video footage clearly established that the vehicle had engaged in two traffic violations prior to the stop. Therefore, the trial court determined that, when viewing the circumstances objectively, the traffic stop was justified by the turn signal violations witnessed by the officers, thus making the stop constitutionally valid. In light of this finding, the trial court overruled Kinn's motion to suppress.

{¶ 9} After the trial court overruled Kinn's motion to suppress, Kinn entered a plea agreement with the State whereby he agreed to plead no contest to the charges for aggravated possession of drugs and possession of heroin. In exchange for his plea, the State agreed to dismiss the misdemeanor charge for possessing alprazolam.

Thereafter, on January 31, 2019, the trial court accepted Kinn's no contest plea and found him guilty of aggravated possession of drugs and possession of heroin. At sentencing, the trial court ordered Kinn to serve an aggregate, mandatory sentence of two years in prison. The trial court, however, suspended the two-year sentence pending the outcome of an appeal from his conviction. Kinn thereafter filed the instant appeal, raising three assignments of error for review.

**First Assignment of Error**

{¶ 10} Under his first assignment of error, Kinn contends that the trial court prejudicially erred when it sustained the State's objection to his trial counsel's questioning Officer Thompson about the contents of Officer Campbell's police report. Kinn argues that because the rules of evidence do not apply to suppression hearings, the trial court should have overruled the State's objection and should have allowed counsel to cross-examine Officer Thompson about the report despite it containing hearsay. The State concedes error in this regard, but argues that the error was harmless and does not require a reversal of the trial court's decision overruling Kinn's motion to suppress. We agree with the State.

{¶ 11} As a preliminary matter, we note that Kinn correctly argues that the rules of evidence do not apply to preliminary questions concerning the admissibility of evidence. *See* Evid.R. 101(C)(1); Evid.R. 104(A). It is well established that " 'the rules of evidence normally applicable in criminal trials do not operate with full force at hearings before the judge to determine the admissibility of evidence.' " *State v. Redd*, 2d Dist. Montgomery No. 26273, 2015-Ohio-3164, ¶ 3, quoting *United States v. Matlock*, 415 U.S. 164, 172-

173, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974). "This is true of suppression hearings in Ohio." *Id.*, citing *State v. Edwards*, 107 Ohio St.3d 169, 2005-Ohio-6180, 837 N.E.2d 752, ¶ 14. (Other citations omitted.) Therefore, " 'the rules of evidence and the hearsay exclusionary rule do not apply in a suppression hearing.' " *State v. Bishop*, 2d Dist. Clark No. 2003-CA-37, 2004-Ohio-6221, ¶ 19, quoting *State v. Pipkins*, 2d Dist. Montgomery No. 15060, 1996 WL 50158, *4 (Feb. 9, 1996). (Other citations omitted.) " 'At a suppression hearing, the Court may rely on hearsay and other evidence, even though that evidence would not be admissible at trial.' " *Pipkins* at *4, quoting *United States v. Raddatz*, 447 U.S. 667, 679, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980).

{¶ 12} Although "the trial court has broad discretion to admit or exclude evidence in a suppression hearing," *Bishop* at ¶ 18, because the hearsay rule does not apply to suppression hearings, it was arguably error for the trial court to exclude the testimony in question on hearsay grounds. Any possible error, however, was harmless.

{¶ 13} Crim.R. 52(A) defines harmless error in the context of criminal cases and provides that: "Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." Under the harmless-error standard of review, "the government bears the burden of demonstrating that the error did not affect the substantial rights of the defendant." (Emphasis omitted.) *State v. Perry*, 101 Ohio St.3d 118, 2004-Ohio-297, 802 N.E.2d 643, ¶ 15, citing *United States v. Olano*, 507 U.S. 725, 741, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). (Other citations omitted.) In most cases, the error must have been prejudicial in order to be viewed as affecting substantial rights. *State v. Fisher*, 99 Ohio St.3d 127, 2003-Ohio-2761, 789 N.E.2d 222, ¶ 7, citing *Olano* at 734. "Accordingly, Crim.R. 52(A) asks whether the rights affected are 'substantial' and, if so,

whether a defendant has suffered any prejudice as a result." *State v. Harris*, 142 Ohio St.3d 211, 2015-Ohio-166, 28 N.E.3d 1256, ¶ 36, quoting *State v. Morris*, 141 Ohio St.3d 399, 2014-Ohio-5052, 24 N.E.3d 1153, ¶ 24-25.

**{¶ 14}** In this case, the trial court's decision to prohibit Kinn's trial counsel from questioning Officer Thompson about the contents of Officer Campbell's police report on hearsay grounds did not prejudice Kinn. Regardless of what testimony might have been elicited from Officer Thompson regarding Officer Campbell's police report, the video evidence still would have shown the two turn signal violations witnessed by the officers on the night in question.

**{¶ 15}** "[T]he observation of a minor traffic violation can provide reasonable articulable suspicion that criminal activity is afoot, justifying a traffic stop." *State v. Williams*, 2d Dist. Montgomery No. 28299, 2019-Ohio-5142, ¶ 26, citing *State v. Mays*, 119 Ohio St.3d 406, 2008-Ohio-4539, 894 N.E.2d 1204, ¶ 7-8 and *State v. Cannady*, 2d Dist. Montgomery No. 28115, 2019-Ohio-1543, ¶ 15. Therefore, because Kinn's motion to suppress was based solely on the legality of the traffic stop, the video evidence showcasing the two turn signal violations firmly established that the officers were justified in stopping the vehicle in question. In other words, the evidence would have established the legality of the traffic stop even if the trial court had not prevented Officer Thompson from testifying about the contents of Officer Campbell's report. Accordingly, Kinn suffered no prejudice when the trial court erroneously prohibited that testimony at the suppression hearing, making the trial court's error harmless.

**{¶ 16}** Kinn's first assignment of error is overruled.

**Second Assignment of Error**

{¶ 17} Under his second assignment of error, Kinn contends that his trial counsel provided ineffective assistance during the suppression hearing by: (1) failing to challenge the State's objection to counsel's questioning of Officer Thompson about the contents of Officer Campbell's police report; and (2) failing to subpoena Officer Campbell to testify at the suppression hearing.   We disagree.

{¶ 18} In order to succeed on an ineffective assistance claim, a defendant must establish: (1) his trial counsel's performance was deficient; and (2) the deficient performance prejudiced him.   *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), paragraph two of the syllabus; *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph two of the syllabus.   The failure to make a showing of either deficient performance or prejudice defeats a claim of ineffective assistance of counsel.   *Strickland* at 697.

{¶ 19} To establish deficient performance, a defendant must show that his trial counsel's performance fell below an objective standard of reasonable representation.   *Id.* at 688; *Bradley* at 142.   In evaluating counsel's performance, a reviewing court "must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."   *Strickland* at 689.

{¶ 20} To establish prejudice, a defendant must show that there is "a reasonable probability that, but for counsel's errors, the proceeding's result would have been different."   *State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, 892 N.E.2d 864, ¶ 204, citing *Strickland* at 687-688 and *Bradley* at paragraph two of the syllabus.   " 'A reasonable probability is a probability sufficient to undermine confidence in the

outcome.' " *Bradley* at 142, quoting *Strickland* at 694.

{¶ 21} In this case, even if we presume that Kinn's trial counsel performed deficiently by failing to challenge the State's hearsay objection and by failing to subpoena Officer Campbell to testify at the suppression hearing, Kinn cannot establish any resulting prejudice from these failures. Similar to our analysis under Kinn's first assignment of error, even if Kinn's trial counsel had not failed in these respects, there was video evidence of the turn signal violations that firmly established the legality of the traffic stop in question. Therefore, regardless of trial counsel's alleged failures, the trial court still would have overruled Kinn's motion to suppress based on the video evidence. As a result, Kinn cannot establish that the outcome of the suppression proceeding would have been different and thus cannot satisfy the prejudice prong of the *Strickland* test. Accordingly, both of Kinn's ineffective assistance claims lack merit.

{¶ 22} Kinn's second assignment of error is overruled.


**Third Assignment of Error**

{¶ 23} Under his third assignment of error, Kinn contends that the trial court's denial of his motion to suppress was improper because the State failed to present any evidence at the suppression hearing establishing that venue was proper in the trial court. Kinn's argument lacks merit.

{¶ 24} In crafting his argument, Kinn overlooks the fact that a pretrial suppression hearing is a proceeding that challenges the admissibility of evidence. Although the State must prove venue by a reasonable doubt when seeking to obtain a conviction, *State v. Hampton,* 134 Ohio St.3d 447, 2012-Ohio-5688, 983 N.E.2d 324, ¶ 20, 22, the purpose

of a suppression hearing is not to obtain a conviction. Rather, "[t]he purpose of a pre-trial suppression hearing is to determine whether evidence has been secured by the government in violation of the defendant's constitutional rights." *State v. Abraham*, 5th Dist. Richland No. CA-1812, 1979 WL 209663, *1 (Dec. 28, 1979). Therefore, the State was not obligated to present evidence at the suppression hearing that supported a conviction for the drug offenses at issue. *See State v. Stocks*, 2d Dist. Montgomery No. 18614, 2001 WL 369773, *3 (Apr. 13, 2001) ("[w]hether the State can sufficiently connect [the defendant] to evidence of criminal activity *for purposes of conviction* is a matter the fact-finder should resolve at trial; *it is not something to be settled in a suppression decision*") (Emphasis added.); *State v. Baumgartner*, 8th Dist. Cuyahoga Nos. 89190, 91207, and 91208, 2009-Ohio-624, ¶ 20 ("[i]t is well settled that venue is a fact to be proven at trial"). The State was instead only required to present evidence supporting its claim that the drug evidence in question was not procured in violation of Kinn's constitutional rights.

{¶ 25} Even if the State had been required to present evidence of proper venue at the suppression hearing, the record establishes that Kinn waived any challenge to venue by entering a no contest plea. *See State v. Schmidhammer*, 10th Dist. Franklin No. 93APC10-1452, 1994 WL 232236, *2-3 (May 24, 1994). This is because a no contest plea admits the truth of the facts alleged in the indictment, including the venue alleged therein. *State v. Magnone*, 2d Dist. Clark No. 2015-CA-94, 2016-Ohio-7100, 72 N.E.3d 212, ¶ 46; *State v. Johnson*, 9th Dist. Medina No. 1744, 1989 WL 1672, *1 (Jan. 11, 1989). Therefore, "[w]hen a defendant pleads no contest to an indictment, it is an admission of the proper venue." *State v. Damron*, 5th Dist. Licking No. 2005-CA-00012,

2005-Ohio-3923, ¶ 14, citing *Schmidhammer* and *State v. Ulrich*, 5th Dist. Stark No. CA-7905, 1990 WL 15744 (Feb. 12, 1990). *See also Baumgartner* at ¶ 20.

**{¶ 26}** Moreover, even if Kinn had not entered a no contest plea, and proof of proper venue were required at the suppression hearing, Kinn waived all but plain error on the issue of proper venue. This is because Kinn never challenged venue in the trial court and raised the issue for the first time on appeal. *State v. Weber*, 2d Dist. Montgomery No. 25508, 2013-Ohio-3172, ¶ 33, citing *State v. Bridgeman*, 2d Dist. Champaign No. 2010 CA 16, 2011-Ohio-2680, ¶ 9 (holding that the State's failure to prove venue could not be raised for the first time on appeal, but was nevertheless subject to review under the plain error doctrine). *Accord State v. Brock*, 2d Dist. Clark No. 2018-CA-112, 2019-Ohio-3195, ¶ 19-20. To establish plain error, Kinn must point to an obvious error that affected the outcome of the proceedings below. *State v. Rohrbaugh*, 126 Ohio St.3d 421, 2010-Ohio-3286, 934 N.E.2d 920, ¶ 6.

**{¶ 27}** The Supreme Court of Ohio has held that " 'it is not essential that the venue of the crime be proven in express terms, provided it be established by all the facts and circumstances in the case, beyond a reasonable doubt, that the crime was committed in the county and state as alleged in the indictment.' " *Hampton*, 134 Ohio St.3d 447, 2012-Ohio-5688, 983 N.E.2d 324, at ¶ 19, quoting *State v. Dickerson*, 77 Ohio St. 34, 82 N.E. 969 (1907), paragraph one of the syllabus. "Circumstantial evidence may be used to establish venue." (Citation omitted.) *State v. Brown*, 2d Dist. Clark No. 2016-CA-53, 2017-Ohio-8416, ¶ 33. *See, e.g., State v. Martin*, 10th Dist. Franklin Nos. 02AP33 and 02AP34, 2002-Ohio-4769, ¶ 29-30 (where there was no direct testimony that the offense at issue occurred in Franklin County, sufficient circumstantial evidence establishing venue

was found based on the responding police officer's testimony that he was employed by the city of Columbus, assigned to the Franklinton area, and dispatched to a specific address in the area; and video evidence showed that the location of the offense was in an urban setting and there was no evidence to suggest that the offense occurred outside Franklin County); *State v. Norton*, 2d Dist. Greene No. 97 CA 112, 1998 WL 853022, *7-8 (Dec. 11, 1998) (evidence that officers employed by the Greene County Sheriff's Department investigated a burglary committed in Bath Township was sufficient to prove venue in Greene County).

{¶ 28} In this case, even if evidence of proper venue had been required at the suppression hearing, there was no error, let alone plain error, in that regard. This is because the testimony and evidence presented at the suppression hearing sufficiently established that the criminal activity in question was committed in the city of Dayton, Montgomery County, Ohio. Specifically, Officer Thompson testified that he is a city of Dayton police officer and that on the night in question he was engaged in his police duties doing road patrol. Officer Thompson also testified that he was "patrolling the East Second Street, Woodley area—Westview, Cherrywood, that whole area up there." Supp. Trans. p. 7. Following that testimony, the State presented a map of the area in which Officer Thompson was patrolling. Officer Thompson then marked the areas on the map where he observed the turn signal violations at issue and where he and Officer Campbell effectuated the traffic stop that yielded the drug evidence. The map, which was admitted into evidence as State's Exhibit 1, displays an area that is within the city of Dayton, Montgomery County, Ohio. In light of this evidence, and considering that there was no evidence presented at the suppression hearing indicating that the traffic stop

occurred outside Officer Thompson's police jurisdiction, we find that there was ample evidence in the record to demonstrate that venue was proper in the trial court. Although not explicitly argued by Kinn in his appellate brief, we also find that the aforementioned evidence presented at the suppression hearing established that Officers Thompson and Campbell had jurisdictional authority as city of Dayton police officers to effectuate the traffic stop at issue.

{¶ 29} Kinn's third assignment of error is overruled.

## Conclusion

{¶ 30} Having overruled all three assignments of error raised by Kinn, the judgments of the trial court are affirmed.

. . . . . . . . . . . .

TUCKER, P.J. and HALL, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Sarah E. Hutnik
Brian A. Muenchenbach
Hon. Mary E. Montgomery