THE STATE OF OHIO, APPELLANT, *v.* HAMPTON, APPELLEE.

[Cite as *State v. Hampton,* 134 Ohio St.3d 447, 2012-Ohio-5688.]

*Criminal procedure—Venue—R.C. 2945.67(A)—Acquittal based on improper venue not appealable.*

(No. 2011-1473—Submitted May 22, 2012—Decided December 6, 2012.)

APPEAL from the Court of Appeals for Franklin County,

No. 10AP-1109, 2011-Ohio-3486.

_____

LANZINGER, J.

{¶ 1} The issue in this appeal is whether a judgment of a court purporting to grant an acquittal based on lack of venue is a "final verdict" as that term is defined in R.C. 2945.67(A), which authorizes the state to appeal certain trial court decisions either as a matter of right or by leave of court. In accordance with well-established case law, the Tenth District Court of Appeals concluded here that the order purporting to acquit Emmanuel Hampton for failure to establish venue was a final verdict and could not be appealed. We affirm the court of appeals' judgment.

{¶ 2} The failure to establish venue in a criminal felony trial is a basis for acquittal, and therefore, an acquittal order based on the failure to establish venue is a final verdict, and the state may not appeal from the order.

**Facts and Procedural History**

{¶ 3} On the evening of December 30, 2005, Byron Woods and his family were the victims of a home invasion in which Woods suffered serious injury from gunshot wounds. The assailant escaped. In August 2008, DNA recovered from a coat at the scene was found to match the DNA of Emmanuel Hampton, who was 17 years old on December 30, 2005.

**{¶ 4}** On March 5, 2010, following a bindover from Franklin County Juvenile Court, a Franklin County grand jury indicted Hampton on a number of charges including attempted murder, felonious assault, aggravated burglary, and two counts of kidnapping, all with firearm specifications, and an additional count of having a weapon while under disability. The indictment alleged that he committed the offenses in Franklin County. Hampton waived a jury trial, and the case was tried to the court.

**{¶ 5}** After trial began, but before the state rested, the investigating detective testified that he had just learned that these offenses had occurred in Fairfield County, not in Franklin County. When the state concluded its case-in-chief, the defense moved for acquittal based on the lack of evidence identifying Hampton as the person who had committed the crimes and based on a lack of venue. The court then denied the motion for acquittal based on lack of identification, withheld its ruling on acquittal for failure to establish venue, but permitted the parties to conduct further research on the venue issue. The defense rested its case without presenting any evidence and with the understanding that the court had not yet rendered a decision on its acquittal motion. The defense renewed its motion for acquittal, and in response, the state moved to dismiss one count of kidnapping and the weapons-under-disability charge, and the court dismissed those charges with prejudice. At a hearing on the venue issue, the court denied the state's motion for a mistrial, concluded that the state had not proved venue, and granted the defense motion for acquittal.

**{¶ 6}** The state appealed as of right and also moved for leave to appeal. The appellate court concluded, "A judgment of acquittal is a final verdict for purposes of R.C. 2945.67(A) and cannot be appealed by the state." 2011-Ohio-3486, ¶ 20. It therefore denied the state's motion for leave to appeal and dismissed the state's claimed appeal as a matter of right.

2

**{¶ 7}** We accepted the state's discretionary appeal, *State v. Hampton*, 130 Ohio St.3d 1475, 2011-Ohio-6124, 957 N.E.2d 1167, and now consider three propositions of law:

*Proposition of Law No. 1*. In determining whether a trial court ruling is a "final verdict" because it is based on Crim.R. 29, an appellate court must review the actual nature of the ruling, not just the label the trial court attached to the ruling. If the record shows that the trial court's ruling went beyond the sufficiency-of-evidence review allowed by Crim.R. 29, the State can appeal pursuant to R.C. 2945.67(A).

*Proposition of Law No. 2*. Lack of venue cannot result in an "acquittal" under Crim.R. 29 because motions under that rule are limited to claims of lack of proof of one or more material elements of the offense. Venue is not a material element of the offense.

*Proposition of Law No. 3*. A trial court's granting of a Crim.R. 29 motion for judgment of acquittal is not a "final verdict." The State can appeal such a ruling by leave of court under R.C. 2945.67(A) when such an appeal does not violate double jeopardy. (*State ex rel. Yates v. Court of Appeals for Montgomery Cty.*, 32 Ohio St.3d 30, 512 N.E.2d 343 (1987), overruled.)

**{¶ 8}** Hampton urges that the Ohio Constitution provides a right to have a criminal case heard in the county where the crime is alleged to have been committed and contends that the state's failure to present any evidence of proper venue in its case-in-chief should result in an acquittal because evidence of venue

is required to sustain a conviction. He maintains that a reviewing court should not look beyond the court's judgment to determine whether or not that court has acquitted an accused and claims that an attempt to appeal an order purporting to acquit a defendant for lack of venue violates double-jeopardy protections.

{¶ 9} Thus, we are asked to consider whether a judgment purporting to grant an acquittal based on lack of venue is a "final verdict" as that term is used in R.C. 2945.67(A).

**Law and Analysis**

{¶ 10} The state's first and third propositions of law are interrelated and will be discussed together. In these propositions, the state argues that the judgment of acquittal issued by the trial court under Crim.R. 29 is appealable under R.C. 2945.67(A). The state then argues that the longstanding precedent found in *State ex rel. Yates v. Montgomery Cty. Court of Appeals*, 32 Ohio St.3d 30, 512 N.E.2d 343 (1987), and its progeny should be overruled.

I.  An Order of Acquittal Is Not Appealable

{¶ 11} R.C. 2945.67(A) provides that the state "may appeal as a matter of right any decision of a trial court in a criminal case * * * which decision grants a motion to dismiss all or any part of an indictment, complaint, or information * * * and may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case."

{¶ 12} In *State v. Keeton*, 18 Ohio St.3d 379, 481 N.E.2d 629 (1985), and *Yates,* 32 Ohio St.3d 30, 512 N.E.2d 343, we examined whether a judgment of acquittal is a "final verdict" for purposes of R.C. 2945.67(A). In *Keeton*, a trial judge directed judgments of acquittal on the basis that the chain of evidence was not properly established and preserved. The state sought to appeal the ruling of law underlying these judgments but did not appeal the judgments of acquittal. The appellate court determined that it lacked jurisdiction to consider the state's appeal. On review, we held that a directed verdict of acquittal was a "final

4

verdict" within the meaning of R.C. 2945.67(A) and that the state could not appeal as a matter of right or by leave pursuant to R.C. 2945.67. Two years later, in *Yates*, on petition for a writ of prohibition, we examined whether a judgment of acquittal entered by a trial court pursuant to Crim.R. 29 was a final verdict within the meaning of R.C. 2945.67. Following *Keeton*, we stated: "A judgment of acquittal by the trial judge, based upon Crim.R. 29(C), is a final verdict within the meaning of R.C. 2945.67(A) and is not appealable by the state as a matter of right or by leave to appeal pursuant to that statute." *Yates*, syllabus.

{¶ 13} Crim.R. 29(A) states: "The court * * * shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses." The trial court's judgment entry granted an acquittal and discharged Hampton "pursuant to Rule 29 of the Ohio Rules of Criminal Procedure based strictly on the issue of Venue." Thus, the trial court granted Hampton's motion to acquit pursuant to Crim.R. 29 because the state had failed to prove that any of the alleged offenses had been committed in Franklin County as alleged in the indictment.

{¶ 14} Similar to the issue in *Yates,* the issue in this case is whether a court's order purporting to grant an acquittal for lack of venue is a "final verdict" for purposes of R.C. 2945.67(A).

{¶ 15} The Tenth District Court of Appeals properly dismissed the state's appeal of an order of acquittal. "A court of record speaks only though its journal and not by oral pronouncement or mere written minute or memorandum." *Schenley v. Kauth*, 160 Ohio St. 109, 113 N.E.2d 625 (1953), paragraph one of the syllabus. Here, the trial court plainly entered a "final verdict" within the meaning of R.C. 2945.67(A), a judgment that is "not appealable by the state as a matter of right or by leave to appeal pursuant to that statute." *Keeton*, 18 Ohio St.3d 379, 481 N.E.2d 629, paragraph two of the syllabus.

**{¶ 16}** The Tenth District Court of Appeals did not err in dismissing the state's appeal. The state had no right to have the order of acquittal reviewed.

**{¶ 17}** The court of appeals set forth its analysis and followed precedent. Although the state wished the court of appeals to determine whether the trial court had erred in not granting a mistrial, the court of appeals could not do so. There is no reason to overrule the clear pronouncement in *Yates* that a judgment of acquittal is not appealable by the state as a matter of right or by leave to appeal pursuant to R.C. 2945.67(A). *Yates,* 32 Ohio St.3d 30, 512 N.E.2d 343.

II. An Acquittal May Be Based upon Lack of Evidence of Venue

**{¶ 18}** In the state's second proposition of law, the state suggests that lack of evidence of venue cannot result in an "acquittal" under Crim.R. 29 because motions under that rule are limited to claims of lack of proof of one or more material elements of the offense. Venue, the state argues, is not a material element of the offense.

**{¶ 19}** The Ohio Constitution, Article I, Section 10 provides an accused the right to "a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed." We have stated, "Section 10, Article I of the Ohio Constitution fixes venue, or the proper place to try a criminal matter * * *." *State v. Headley*, 6 Ohio St.3d 475, 477, 453 N.E.2d 716 (1983). We have also stated, "A conviction may not be had in a criminal case where the proof fails to show that the crime alleged in the indictment occurred in the county where the indictment was returned." *State v. Nevius*, 147 Ohio St. 263, 71 N.E.2d 258 (1947), paragraph three of the syllabus. We have also stated that "it is not essential that the venue of the crime be proven in express terms, provided it be established by all the facts and circumstances in the case, beyond a reasonable doubt, that the crime was committed in the county and state as alleged in the indictment." *State v. Dickerson*, 77 Ohio St. 34, 82 N.E. 969 (1907), paragraph one of the syllabus.

6

**{¶ 20}** Under Article I, Section 10 and R.C. 2901.12, evidence of proper venue must be presented in order to sustain a conviction for an offense. *Headley* at 477, citing *State v. Draggo*, 65 Ohio St.2d 88, 90, 418 N.E.2d 1343 (1981); *State v. Gribble*, 24 Ohio St.2d 85, 263 N.E.2d 904 (1970); *Nevius,* 147 Ohio St. 263, 71 N.E.2d 258.

**{¶ 21}** In *Nevius*, we affirmed the decision of the court of appeals as it related to the finding of insufficient evidence relating to venue, but we then reversed the order of the court of appeals remanding the matter for a new trial, instead ruling that the trial court should have granted a directed verdict in favor of the defendant on count four of the indictment, and we discharged the defendant accordingly on that count. *Id.* at 266-267, 287. This common-law concept of a directed verdict has now been memorialized through Crim.R. 29.

**{¶ 22}** In arguing that insufficient proof of venue does not justify acquittal, the state would limit application of Crim.R. 29 to situations in which the elements of the offense have not been proved beyond a reasonable doubt. The plain language of the rule itself does not distinguish between "material" elements and "immaterial" elements. Instead, the plain language of the rule itself simply indicates that a judgment of acquittal is appropriate when "the evidence is insufficient to sustain a conviction of such offense or offenses." If the state fails to produce evidence of proper venue, then the evidence is insufficient to sustain a conviction of such offense or offenses. But, as stated above, Crim.R. 29 does not limit itself to elements or "material" elements of the offense. The question is whether "the evidence is *insufficient to sustain a conviction* of such offense." (Emphasis added.) Most jurisdictions place some burden upon the state to prove venue—whether it be beyond a reasonable doubt, by a preponderance of the evidence, or by some evidence—because it is a fact of the crime. *See* 4 LaFave, *Criminal Procedure,* Section 16.1(c), at 714 (3d Ed.2007). And Ohio has required proof of venue beyond a reasonable doubt to sustain a conviction.

*Knight v. State*, 54 Ohio St. 365, 377, 43 N.E. 995 (1896); *Dickerson*, 77 Ohio St. 34, 82 N.E. 969, paragraph one of the syllabus; *Nevius*, 147 Ohio St. 263, 71 N.E.2d 258.

{¶ 23} Crim.R. 29 is clear and straightforward and does not limit its application to elements of the offense alone—the trial judge may grant an acquittal when there is a failure of proof to sustain a conviction. Nothing in the Constitution, statutes, or rules requires a defendant to raise the issue of venue before trial. The state has the obligation to ensure the proper venue within the indictment, for the indictment puts the defendant on notice and the state to its proof. The General Assembly has given the state considerable flexibility with respect to establishing venue when the state cannot determine the precise location at which the offense took place. *See*, *e.g.,* R.C. 2901.12(G), which allows for an offense that was committed in any of two or more jurisdictions to be charged in any of those jurisdictions.

{¶ 24} Over a century of well-established jurisprudence clearly mandates that a motion for judgment of acquittal must be granted when the evidence is insufficient for reasonable minds to find that venue is proper. Here, it is undisputed that all of the events in question occurred in Fairfield County, not Franklin County, as alleged in the indictment. Under *Headley*, Crim.R. 29, R.C. 2901.12, and the well-established common-law rule set forth in cases like *Nevius*, a judgment of acquittal may be entered when the state has failed at trial to prove the venue of the offense as alleged in the indictment.

## Conclusion

{¶ 25} A court order purporting to acquit a defendant due to the state's failure to establish venue is a "final verdict" as that term is used in R.C. 2945.67(A), and therefore the state may not appeal as of right from the order. Accordingly, the judgment of the appellate court denying the state's motion for leave to appeal and dismissing the appeal of right is affirmed.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER and MCGEE BROWN, JJ., concur.

O'DONNELL, LUNDBERG STRATTON, and CUPP, JJ., dissent.

_____

**O'DONNELL, J., dissenting.**

{¶ 26} Respectfully, I dissent.

{¶ 27} The question presented by this case is whether an order of a trial court purporting to acquit an accused of felony offenses for the failure of the state to establish venue is a final verdict subject to appeal.

{¶ 28} Because venue is a procedural matter and concerns only the location where a trial is to be held, it is not a material element of any offense in Ohio and has nothing to do with the guilt or innocence of an accused. Accordingly, dismissal of an indictment for improper venue does not implicate the sufficiency of the evidence, is not an adjudication on the merits, is distinguishable from an acquittal, and is not a final verdict that deprives the state of the opportunity to appeal.

{¶ 29} Accordingly, I would reverse the judgment of the court of appeals and remand the case to the trial court for further proceedings consistent with this opinion.

**Facts and Procedural History**

{¶ 30} According to the state's allegations and the testimony offered at trial, on the evening of December 30, 2005, Emmanuel Hampton, a 17-year-old teenager at the time, broke into an apartment brandishing a handgun and wearing a bandanna over his face and a dark coat. He ordered Byron Woods and his son to lie on the floor. However, Woods grabbed Hampton and the two began to struggle. Hampton slipped out of his coat, shot Woods several times, and escaped, but left the coat behind. In response to a 9-1-1 call from one of the children, Columbus Police detectives Lowell Titus of the robbery squad and

David Alan Remy of the crime scene search unit arrived at the apartment and, as a part of their investigation, recovered the coat. A forensic scientist extracted epithelial cells from a cuff of the coat, developed a DNA profile, and entered it into a DNA database. Almost three years later, Detective Kenneth Kirby of the Columbus police received a "hit" from the Combined DNA Index System, which matched the DNA sample with Hampton. Police gathered additional DNA samples from Hampton and Woods. These matched DNA recovered from the cuff of the coat and DNA found in the blood on the coat.

{¶ 31} The state filed a delinquency complaint in the Franklin County Juvenile Court, and that court found probable cause to conclude that Hampton had committed aggravated burglary and felonious assault and transferred the case to the general division of the common pleas court. Subsequently, a grand jury indicted Hampton for attempted murder, felonious assault, aggravated burglary, and two counts of kidnapping, all with firearm specifications, as well as an additional count of having a weapon while under disability. He waived a jury trial, and the case was tried to the court.

{¶ 32} After trial began but before the state rested, Detective Kirby testified that he had just learned that the offenses occurred in Fairfield County, not in Franklin County. When the state concluded its case-in-chief, the defense moved for acquittal based on the lack of evidence identifying Hampton as the person who had committed the crimes and on improper venue. The court denied the motion for acquittal based on lack of identification and withheld its ruling on acquittal for failure to establish venue, pending further research by the parties on the venue issue. The defense rested its case without presenting any evidence and with the understanding that the court would render a decision on its acquittal motion. The defense renewed its motion for acquittal, and in response, the state moved to dismiss one count of kidnapping and the weapons-under-disability charge, which the court dismissed with prejudice. At a hearing on the venue

issue, the court denied the state's motion for a mistrial, concluded that the state had not proved venue, and granted the defense motion for acquittal.

{¶ 33} The state appealed as of right and also moved for leave to appeal. The appellate court concluded, "A judgment of acquittal is a final verdict for purposes of R.C. 2945.67(A) and cannot be appealed by the state." 2011-Ohio-3486, ¶ 20. It therefore denied the state's motion for leave to appeal and dismissed the state's claimed appeal as a matter of right.

### Law and Analysis

*R.C. 2945.67(A)*

{¶ 34} R.C. 2945.67(A) provides that the state "may appeal *as a matter of right* any decision of a trial court in a criminal case, * * * which decision grants a motion to dismiss all or any part of an indictment, complaint, or information, * * * and may appeal *by leave of the court* to which the appeal is taken any other decision, *except the final verdict*, of the trial court in a criminal case." (Emphasis added.)

{¶ 35} In *State v. Keeton*, 18 Ohio St.3d 379, 481 N.E.2d 629 (1985), and *State ex rel. Yates v. Montgomery Cty. Court of Appeals*, 32 Ohio St.3d 30, 512 N.E.2d 343 (1987), we explained that a judgment of acquittal is a "final verdict" for purposes of R.C. 2945.67(A) and therefore is not appealable by the state as a matter of right or by leave to appeal. We recognized in *Yates* that the issue "is not one of double jeopardy but rather whether a judgment of acquittal * * * is a final verdict." Id. at 32. Notably, both *Keeton* and *Yates* dealt with acquittals based on insufficiency of the evidence attributed to the elements of the offenses and lack of evidence of guilt.

{¶ 36} Thus, neither *Keeton* nor *Yates* answers the question of whether a judgment of acquittal based on failure to establish venue is a final verdict, nor do those cases explain whether appellate courts should look to the form or the substance of an order in determining whether it is, in fact, an acquittal.

*Acquittal*

**{¶ 37}** In *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 571, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977), the court stated, "[W]hat constitutes an 'acquittal' is not to be controlled by the form of the judge's action." Rather, a court "must determine whether the ruling of the judge, *whatever its label*, actually represents a resolution, correct or not, of some or all of the factual *elements of the offense* charged." (Emphasis added.) Further, the court has emphasized in such circumstances that "the trial judge's characterization of his own action cannot control the classification of the action." *United States v. Scott*, 437 U.S. 82, 96, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978), quoting *United States v. Jorn*, 400 U.S. 470, 478, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971), fn. 7.

**{¶ 38}** Appellate courts therefore look to the substance and effect of the order—not its form or its judicial characterization—to determine whether the trial court entered an acquittal, focusing on whether the court resolved any factual element of the offense in favor of the accused. *United States v. Appawoo*, 553 F.2d 1242, 1244 (10th Cir.1977); *United States v. Council*, 973 F.2d 251, 254 (4th Cir.1992); *United States v. Maker,* 751 F.2d 614, 622 (3d Cir.1984); *United States v. Gonzales*, 617 F.2d 1358, 1362 (9th Cir.1980); *Commonwealth v. McDonough*, 533 Pa. 283, 290, 621 A.2d 569 (1993); *State v. Korsen*, 138 Idaho 706, 717, 69 P.3d 126, 137 (2003); *Derry v. Commonwealth*, 274 S.W.3d 439, 444-445 (Ky.2008); *Kendall v. State*, 429 Md. 476, 486, 56 A.3d 223 (2012).

*Venue*

**{¶ 39}** Venue concerns only the situs—i.e., the place—where the trial is to be conducted. *Morrison v. Steiner*, 32 Ohio St.2d 86, 87, 290 N.E.2d 841 (1972), paragraph one of the syllabus; *State ex rel. Elson v. Koehr*, 856 S.W.2d 57, 59 (Mo.1993).

**{¶ 40}** More important, however, "[v]enue is not a material element of any offense charged. The elements of the offense charged and the venue of the matter

12

are separate and distinct." *State v. Draggo*, 65 Ohio St.2d 88, 90, 418 N.E.2d 1343 (1981). We recognized in *Draggo* that the elements of the offense charged "must be gathered wholly from statute and not *aliunde*," *id.* at 91, and that venue is not an element of any statutorily defined offense. *Id.* We reaffirmed that venue is not a material element of the offense in *State v. Headley*, 6 Ohio St.3d 475, 477, 453 N.E.2d 716 (1983), a view that accords with decisions from multiple jurisdictions and the federal judiciary. *E.g.*, *Derry v. Commonwealth*, 274 S.W.3d 439, 444 (Ky.2008); *State v. Allen*, 293 N.W.2d 16, 20 (Iowa 1980); *Randall v. Virginia*, 183 Va. 182, 187, 31 S.E.2d 571 (1944); *United States v. Griley*, 814 F.2d 967, 973 (4th Cir.1987); *United States v. Davis*, 689 F.3d 179, 185 (2d Cir.2012) ("Despite its constitutional pedigree, venue is *not* an element of any crime * * * " [emphasis sic]).

**{¶ 41}** I recognize that the Ohio Constitution, Article I, Section 10 affords an accused the right to "a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed." In addition, R.C. 2901.12 establishes a statutory requirement of venue in criminal cases, providing, "The trial of a criminal case in this state shall be held in a court having jurisdiction of the subject matter, and in the territory of which the offense or any element of the offense was committed."

**{¶ 42}** Notwithstanding these provisions, we have held that the failure to establish venue may be waived by the accused. *Draggo*, 65 Ohio St.2d at 90, 418 N.E.2d 1343; *Headley*, 6 Ohio St.3d at 477, 453 N.E.2d 716. Further, venue may be changed pursuant to R.C. 2901.12(K) "when it appears that a fair and impartial trial cannot be held in the jurisdiction in which trial otherwise would be held, or when it appears that trial should be held in another jurisdiction for the convenience of the parties and in the interests of justice."

*Remedy*

**{¶ 43}** R.C. 2945.08 sets forth the manner in which a trial court should proceed when it is established that the offense occurred in a county different from the one where the trial is being conducted: "If it appears, on the trial of a criminal cause, that the offense was committed within the exclusive jurisdiction of another county of this state, the court must direct the defendant to be committed to await a warrant from the proper county for his arrest * * *."

**{¶ 44}** The New Hampshire Supreme Court's decision in *In re State (State v. Johanson*), 156 N.H. 148, 932 A.2d 848 (2007), is instructive here. There, the trial court directed a verdict and dismissed the indictment against Sven Johanson for falsifying evidence based on a finding of improper venue. On petition for the writ of certiorari, the Supreme Court held that Johanson waived any objection to venue, and it vacated the dismissal and remanded to the trial court for retrial, explaining that "[i]mproper venue is not an error that stems from the insufficiency of evidence with respect to the guilt or innocence of the accused." Noting that venue is solely a matter of procedure, the court concluded:

> Because "[v]enue has nothing whatever to do with the guilt or innocence of a defendant," *State v. Hutcherson,* 790 S.W.2d 532, 535 (Tenn.1990), dismissal of an indictment for improper venue is not an adjudication on the merits and is thus distinguishable from a verdict of acquittal. [*State v.*] *Roybal,* [139 N.M. 341,] 132 P.3d [598] at 605 [(Ct.App.2006)]. Under these circumstances, double jeopardy is not implicated by the trial court's erroneous order dismissing the indictment and directing a verdict for the respondent.

*Id.* at 157-158.

14

**{¶ 45}** Similarly, in *United States v. Kaytso*, 868 F.2d 1020 (9th Cir.1988), the Ninth Circuit Court of Appeals held that the dismissal of an indictment based on the failure of the government to establish venue at the close of its case-in-chief "*cannot be considered an acquittal* and so is not shielded by the double jeopardy clause." (Emphasis added.) *Id.* at 1021. In that case, the victim could not recall the exact location of the crime, the trial court dismissed the action without prejudice, and the government reindicted him in a proper venue. Noting that "the double jeopardy clause does not preclude a second prosecution where a defendant successfully moves to terminate proceedings against him on a basis unrelated to factual guilt or innocence," the court explained that venue is not an essential element of the offense but rather "is wholly neutral, a matter of procedure. * * * Thus, the failure to establish venue does not go to guilt or innocence." *Id.* Accordingly, the appellate court held that the dismissal for lack of venue did not amount to an acquittal and did not bar retrial.

**{¶ 46}** Venue is therefore a procedural issue involving the appropriate place for trial of an accused on a criminal charge, not a substantive question relating to guilt or innocence of the crime. *Wilkett v. United States*, 655 F.2d 1007, 1012 (10th Cir.1981); *Kaytso* at 1021; *Hart-Williams*, 967 F.Supp. at 76; *In re State*, 156 N.H. at 157-158, 932 A.2d 848; *People v. Posey*, 32 Cal.4th 193, 211, 8 Cal.Rptr.3d 551, 82 P.3d 755 (2004). As Professor Wayne LaFave explains in his authoritative treatise on criminal procedure: "a trial court's ruling that the prosecution's case-in-chief failed to establish venue, though framed as a judgment of acquittal, does not preclude retrial because venue is an element 'more procedural than substantive' which does not go to culpability." 6 Wayne R. LaFave et al., *Criminal Procedur*e, Section 25.3(a) (3d Ed.2012).

**{¶ 47}** Conducting a trial in an improper venue is not a basis to acquit an accused. *See United States v. Hernandez*, 189 F.3d 785 (9th Cir.1999), fn. 5 (rejecting a contention that in a case of improper venue, a judgment of acquittal is

the appropriate remedy); *Hart-Williams*, 967 F.Supp. at 75 ("As venue is not an element of a criminal offense, there is no legal basis for the request for an instruction to acquit if the jury finds that venue was not proven"); *Derry v. Commonwealth*, 274 S.W.3d at 444 ("Because venue and the determination of any facts related to it do not affect guilt, a court's decision to terminate a trial for want of proper venue cannot amount to an acquittal"). And the trial court's determination that venue is improper is not a resolution in favor of the accused on any of the factual elements of the offenses charged.

{¶ 48} Rather, if the state fails to prove venue in a criminal case or if it is established that a crime occurred in a county different from where the trial is held, the trial court should dismiss the indictment or transfer the case for prosecution to the county where the offense occurred without any double-jeopardy concerns. R.C. 2945.08; Crim.R. 18; *see also United States v. Salinas*, 373 F.3d 161, 170 (1st Cir. 2004); *United States v. Brennan*, 183 F.3d 139, 151 (2d Cir.1999).

{¶ 49} Examining the impact of the action taken by the trial court here, it is manifest that the trial court should have declared a mistrial or dismissed this case without prejudice and transferred it to the proper county in accordance with R.C. 2945.08. Notwithstanding the trial court's mischaracterization of its judgment as an acquittal, because the court did not resolve any factual elements of the offenses charged in Hampton's favor, the trial court's order is not an acquittal. In substance, the state has not appealed from a final verdict of acquittal, and it therefore may appeal pursuant to R.C. 2945.67(A).

{¶ 50} Accordingly, I would reverse the judgment of the court of appeals and remand the case to the trial court with instructions to transfer it to the proper county for trial.

LUNDBERG STRATTON and CUPP, JJ., concur in the foregoing opinion.

_____

Ron O'Brien, Franklin County Prosecuting Attorney, and Steven L. Taylor, Chief Counsel, Appellate Division, for appellant.

Tyack, Blackmore, Liston & Nigh Co., L.P.A., and Jonathan T. Tyack, for appellee.

Michael DeWine, Attorney General, Alexandra T. Schimmer, Solicitor General, Lauren S. Kuley, Deputy Solicitor, pro hac vice, and Morgan A. Linn, Assistant Attorney General, urging reversal for amicus curiae Ohio Attorney General.

Timothy Young, Ohio Public Defender, and Valerie Kunze, Assistant State Public Defender, urging affirmance for amicus curiae Ohio Public Defender.

Robert L. Tobik, Cuyahoga County Public Defender, and John T. Martin, Assistant Public Defender, urging affirmance for amicus curiae Cuyahoga County Public Defender.

_____