[Cite as *State v. Untied*, 2014-Ohio-3920.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100880**

## STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

## DAVID UNTIED

DEFENDANT-APPELLEE

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-575483-A

**BEFORE:** S. Gallagher, P.J., Keough, J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** September 11, 2014

**ATTORNEYS FOR APPELLANT**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Daniel T. Van
          Aleksandra Chojnacki
Assistant Prosecuting Attorneys
The Justice Center
1200 Ontario Street
Cleveland, OH    44113


**ATTORNEY FOR APPELLEE**

Thomas E. Shaughnessy
11510 Buckeye Road
Cleveland, OH    44104


**Amicus Curiae**

Robert L. Tobik
Cuyahoga County Public Defender
By: John T. Martin
Assistant Public Defender
Courthouse Square Suite 200
310 Lakeside Avenue
Cleveland, OH    44113

SEAN C. GALLAGHER, P.J.:

**{¶1}** Appellant, the state of Ohio, is appealing following the acquittal of defendant David Untied on criminal charges. This court granted leave to appeal based on the state's argument that it is not appealing the judgment of acquittal but is seeking a review of the trial court's substantive ruling on the issue of venue. *See State v. Bistricky*, 51 Ohio St.3d 157, 555 N.E.2d 644 (1990), syllabus ("[a] court of appeals has discretionary authority pursuant to R.C. 2945.67(A) to review substantive law rulings made in a criminal case which result in a judgment of acquittal so long as the judgment itself is not appealed"). For the reasons stated herein, we affirm the judgment of the trial court.

**{¶2}** On July 18, 2013, Untied was indicted on one count of passing bad checks in violation of R.C. 2913.11(B) and one count of theft in violation of R.C. 2913.02(A)(3), each a felony of the fifth degree. The indictment identified the Canton Charge as the victim for both offenses. Untied pled not guilty to the charges, and the case proceeded to a jury trial.

**{¶3}** The testimony at trial revealed the following. The Canton Charge is a Cleveland Cavaliers minor league basketball team. The Canton Charge is based at the Canton Memorial Civic Center ("Canton MCC"), which is located in Stark County, Ohio. James Hall is a group events specialist for the Canton Charge, and his office is located at the Canton MCC.

{¶4} David Untied is the director of a semipro basketball league. He does not reside in Cuyahoga County. In November and December 2012, Hall negotiated an agreement with Untied in Stark County, whereby Untied agreed to purchase 300 tickets to a Canton Charge game for $4,875 in exchange for court time for his semipro basketball teams to play before the game. Untied gave a $100 deposit to reserve the seats and the court time. Thereafter, Untied provided Hall with a check for the balance due of $4,775 and Untied was given the tickets. The check was returned for insufficient funds. A second check was provided for the same amount that also was returned for insufficient funds. However, by this time the game at which Untied was given court time and for which the tickets were issued had passed.

{¶5} All of the actions involving this transaction and the services provided occurred in Stark County. The negotiation occurred in Stark County. The checks that Untied provided were made payable to the Canton Charge and were given to Hall at the Canton MCC in Stark County. The checks were deposited in Stark County. The tickets and court time provided were in relation to a Canton Charge game in Stark County.

{¶6} After Hall unsuccessfully attempted to set up payment arrangements with Untied, he contacted chief legal counsel at Cavaliers Holdings, L.L.C., Jason Hillman. Cavaliers Holdings is located in Cleveland, Ohio, and is an umbrella organization of four separate operating entities, including Cavaliers D. League, L.L.C., which owns and operates the Canton Charge. Although the Canton Charge is wholly owned by Cavaliers

Holdings, the Canton Charge is a separate operating entity with a separate operating account and is located in Stark County.

{¶7} Cavaliers Holdings provides certain services to its operating entities, such as legal, human resources, accounting, marketing, and communications. Looking above Cavaliers Holdings, there are five different constituent L.L.C.s that have ownership interests in Cavaliers Holdings that operate from various locations in the country.

{¶8} Hillman was not involved with the purchase of the tickets for court time by Untied. He was contacted as legal counsel after the services were provided and the checks were given and refused. Hillman drafted a letter to Untied proposing acceptable terms of payment. Hillman also had a couple of conversations with Untied about making arrangements to pay the balance due. Untied never traveled to Cleveland to meet with Hillman, and no monies were payed on the outstanding balance. Hillman testified that Untied owed "the Canton Charge" for the purchase of the tickets and the access to the court. Hillman also testified that after a settlement for rent is reached with the operator of the Canton MCC venue, monies are paid to Cavaliers Holdings.

{¶9} At the conclusion of the state's case, Untied made a Crim.R. 29 motion for acquittal. The trial court granted the motion based on a lack of venue, stating in part that "the requisite nexus between the alleged offense and the county of this trial has not been met in the instant matter."

{¶10} The state argues on appeal that it presented sufficient evidence to establish venue in Cuyahoga County. The state asserts that Cavaliers Holdings, which is located

in Cuyahoga County, was a victim of the offenses because it owns 100 percent of the Canton Charge and was the ultimate intended beneficiary of the payment. The state also claims the operating account of the Canton Charge is managed by the chief financial officer of Cavaliers Holdings. Further, the state contends that elements of the crime of theft occurred in Cuyahoga County by virtue of Hillman's conversations with Untied that exhibited continued deception involving Untied's payment in the matter.

{¶11} We are not persuaded by the state's arguments.

{¶12} Venue is a fact that must be proved beyond a reasonable doubt in criminal prosecutions unless it is waived by the defendant. *State v. Were*, 118 Ohio St.3d 448, 2008-Ohio-2762, 890 N.E.2d 263, ¶ 149. When the evidence is insufficient for reasonable minds to find that venue is proper, a motion for judgment of acquittal must be granted. *State v. Hampton*, 134 Ohio St.3d 447, 2012-Ohio-5688, 983 N.E.2d 324, ¶ 24. "Venue is satisfied where there is a sufficient nexus between the defendant and the county of the trial." *State v. Chintalapalli*, 88 Ohio St.3d 43, 45, 2000-Ohio-266, 723 N.E.2d 111.

{¶13} R.C. 2901.12 governs venue, and reads, in pertinent part:

(A) The trial of a criminal case in this state shall be held in a court having jurisdiction of the subject matter, and in the territory of which the offense or any element of the offense was committed.

* * *

(C) When the offense involved the unlawful taking or receiving of property

or the unlawful taking or enticing of another, the offender may be tried in

any jurisdiction from which or into which the property or victim was taken, received, or enticed.

**{¶14}** Untied was charged with passing bad checks under R.C. 2913.11(B) and theft under R.C. 2913.02(A). R.C. 2913.11(B) provides in relevant part:

(B) No person, with purpose to defraud, shall issue or transfer or cause to be issued or transferred a check or other negotiable instrument, knowing that it will be dishonored * * *.

**{¶15}** R.C. 2913.02(A) provides in relevant part:

(A) No person, with purpose to deprive the owner of property or services shall knowingly obtain or exert control over either the property or services in any of the following ways:

* * *

(3) By deception[.]

**{¶16}** Our review of the record in this case reflects that the elements of the offenses were committed in Stark County. The checks were negotiated, issued and delivered to the Canton Charge in Stark County and were deposited in a bank in Stark County. The checks were provided for tickets to a Canton Charge game in Stark County and were made payable to the Canton Charge. All negotiations involving the purchase of the 300 tickets in exchange for court time before the Canton Charge game occurred in Stark County. The acts of deception used to obtain control over the tickets and court time provided occurred in Stark County. The indictment identified the victim of the offenses as the Canton Charge.

**{¶17}** Although the state claims that the Canton Charge is owned by Cavaliers Holdings, the Canton Charge is its own operating entity. None of the acts involved related to Cavaliers Holdings, and its status as the parent or umbrella company, in and of itself, did not create a sufficient connection to the offenses. Hillman, as chief legal counsel for Cavaliers Holdings, was not involved in any of the negotiations for the services provided by the Canton Charge and was not contacted until after the game for which the tickets were issued occurred and the checks were returned for insufficient funds. Although Hillman, as legal counsel, attempted to make arrangements for payment of the unpaid balance with Untied, Untied never traveled to Cuyahoga County to meet with Hillman. Further, although Cavaliers Holdings may ultimately receive some of the proceeds from ticket sales, Hillman testified that Untied owed "the Canton Charge" for the purchase of the tickets and the access to the court.

**{¶18}** We are unable to find that the trial court erred in finding "[t]he requisite nexus between the alleged offense and the county of this trial has not been met in the instant matter." Venue was not proven by the testimony, facts, and circumstances of this case.

**{¶19}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
EILEEN A. GALLAGHER, J., CONCUR