French, J.,
concurring.
{¶ 48} I agree with the majority’s conclusion that the location of Amber Garrett’s murder cannot be determined and that jurisdiction is therefore proper in Ohio under R.C. 2901.11(D). I write separately because I believe that there is a reasonable question as to the constitutionality of that statute and that this court should have invited the parties to brief the issue before determining whether to uphold Wogenstahl’s capital conviction.
{¶ 49} The version of R.C. 2901.11(D) in effect at the time of the murder, which is substantially similar to the current version, provided:
When an offense is committed under the laws of this state, and it appears beyond a reasonable doubt that the offense or any element thereof took place either in Ohio or in another jurisdiction or jurisdictions, but it cannot reasonably be determined in which it took place, such offense or element is conclusively presumed to have taken place in this state for purposes of this section.
Am.Sub.KLB. No. 511, 134 Ohio Laws, Part II, 1866, 1893. Applying the statute to the facts of this case, since the state proved that a murder occurred but was unable to prove whether it occurred in Ohio or Indiana, the trial court and the jury had to conclusively presume that it occurred in Ohio for purposes of determining jurisdiction.
{¶ 50} There is at least a colorable argument that the conclusive presumption of jurisdiction in R.C. 2901.11(D) violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution. A conclusive presumption is one type of mandatory presumption, the other type being a rebuttable presumption:
A conclusive presumption removes the presumed element from the case once the State has proved the predicate facts giving rise to the presumption. A rebuttable presumption does not remove the presumed element from the case but nevertheless requires the jury to find the presumed *583 element unless the defendant persuades the jury that such a finding is unwarranted.
Francis v. Franklin, 471 U.S. 307, 314, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985), fn. 2. A mandatory presumption violates the Due Process Clause if it relieves the state of the burden of persuasion as to an element of an offense, either by creating an irrebuttable presumption or by shifting the burden of proof to the criminal defendant. Id. at 325; Sandstrom v. Montana, 442 U.S. 510, 523-524, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979).
{¶ 51} By its plain terms, R.C. 2901.11(D) creates a mandatory presumption of jurisdiction: the jurisdiction of the Ohio courts is “conclusively” presumed. It appears, then, that R.C. 2901.11(D) violates the rule of Francis and Sandstrom if jurisdiction is an element of the offense that the state bears the burden of proving. This court has not directly addressed that question. I note, however, that this court has held that venue is an element of the crime that the state must prove beyond a reasonable doubt. State v. Hampton, 134 Ohio St.3d 447, 2012-Ohio-5688, 983 N.E.2d 324, ¶ 1-2, 22.
{¶ 52} The foregoing should not be read to suggest any final conclusion as to the constitutionality of the statute, only that the issue is worthy of consideration. And because counsel for the defendant failed to raise the issue, I believe that the court should have asked the parties to brief the constitutionality of R.C. 2901.11(D). A challenge to subject-matter jurisdiction cannot be waived or forfeited and may be raised at any time, State v. Mbodji 129 Ohio St.3d 325, 2011-Ohio-2880, 951 N.E.2d 1025, ¶ 10, even by this court sua sponte, State v. Noling, 136 Ohio St.3d 163, 2013-Ohio-1764, 992 N.E.2d 1095, ¶ 10.
{¶ 53} But presuming the constitutionality of the statute, I agree with the majority’s disposition of Wogenstahl’s appeal.