[Cite as *State v. Adan*, 2022-Ohio-2304.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| -vs- | Case No. 2021 CA 00099 |
| ABSHIR D. ADAN | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDINGS:    Appeal from the Licking County Municipal
                             Court, Case No. 21TRD08622


JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      June 30, 2022


APPEARANCES:


For Plaintiff-Appellee                  For Defendant-Appellant

TRICIA MOORE                            DARREN L. MEADE
Law Director – City of Newark           2602 Oakstone Drive
                                        Columbus, Ohio 43231
MICHAEL S. COX, JR.
Assistant Law Director – City of Newark
40 West Main Street, Fourth Floor
Newark, Ohio 43055

*Hoffman, J.*

**{¶1}** Defendant-appellant Abshir Dayow Adan appeals the November 3, 2021 Entry entered by the Licking County Municipal Court, which found him guilty of one count of failure to maintain assured clear distance ahead, following a bench trial. Plaintiff-appellee is the state of Ohio.

## STATEMENT OF THE CASE AND FACTS

**{¶2}** On September 22, 2021, Appellant was cited with failure to maintain an assured clear distance ahead, in violation of R.C. 4511.21(A). Appellant entered a written plea of not guilty on September 27, 2021. On October 5, 2021, Appellant filed a motion for leave to waive appearance at trial and consent to trial in absentia.

**{¶3}** The matter proceeded to bench trial on November 3, 2021. The facts relevant to this Appeal are as follows:

**{¶4}** Trooper Shawn Grim testified he is an 18-year veteran with the Ohio State Highway Patrol, Granville Post 45. The trooper stated he was on duty on September 22, 2021, when he received a report of a single vehicle crash on Interstate 70, eastbound, near mile marker 130, in Licking County. While in route, Trooper Grim received additional information regarding a secondary crash in the same area. The secondary crash involved the ambulance which was at the scene rendering aid in the initial call being struck by a commercial truck and trailer.

**{¶5}** Trooper Grim recalled, when he arrived at the scene, he observed a Licking County ambulance, which was situated partially in the left lane and partially in the north berm, at an angle, and a commercial truck and trailer right behind it. He stated "[i]t appeared uh the commercial trailer had struck the right rear corner of the ambulance." Transcript of November 3, 2021 Bench Trial at 6. The trooper spoke with the EMS driver

and the driver of the commercial truck, who was identified as Appellant. Trooper Grim photographed the scene. The photographs were admitted into evidence. Trooper Grim identified and described each photograph. Upon completing his investigation, Trooper Grim cited Appellant for assured clear distance ahead, in violation of R.C. 4511.21(A).

{¶6} Chief Michael Wilson testified he is a firefighter and an emergency medical technician ("EMT") with the Licking Township Fire Company, 5th Squad, in Jacksontown, Ohio. Chief Wilson stated, on September 22, 2021, he responded to an accident involving a car which had crashed into a wall on Interstate 70, eastbound, near mile marker 130. While he and his partner were checking on the occupants of the vehicle, they heard "a crash sound." Tr. at 16. Chief Wilson "turned around and there was a semi that had hit the right rear corner of our medic and we made quick attention to that . . . wasn't sure if anybody was injured and we had already initiated care so we returned our focus back to to [sic] the first accident and called for mutual aid to hand the um second run and see if there was any other accident or injuries in the other cars." *Id.* Chief Wilson noted there were no injuries resulting from this second crash.

{¶7} Appellant moved for a judgment of acquittal pursuant to Crim. R. 29. The trial court specifically found Trooper Grim stated the accident was at mile post 130 in Licking County. Thereafter, the trial court found Appellant guilty, imposed a $9.00 fine, and ordered him to pay court costs.

{¶8} It is from this conviction and sentence Appellant appeals, raising as his sole assignment of error:

THE TRIAL COURT ERRED AS A MATTER OF LAW TO ESTABLISH VENUE BEYOND A REASONABLE DOUBT.

I

**{¶9}** Pursuant to Article I, Section 10 of the Ohio Constitution and R.C. 2901.12, "evidence of proper venue must be presented in order to sustain a conviction for an offense." *State v. Hampton*, 134 Ohio St.3d 447, 2012-Ohio-5688, 983 N.E.2d 324, ¶ 20. "It is not essential that the venue of the crime be proven in express terms, provided it be established by all the facts and circumstances in the case, beyond a reasonable doubt, that the crime was committed in the county and state as alleged in the indictment." *Id.* at ¶ 19, quoting *State v. Dickerson*, 77 Ohio St. 34, 82 N.E. 969 (1907), paragraph one of the syllabus. Circumstantial evidence may be used to establish venue. *State v. Brown*, 2nd Dist. Clark No. 2016-CA-53, 2017-Ohio-8416, 99 N.E.3d 1135, ¶ 33, citing *State v. May*, 2015-Ohio-4275, 49 N.E.3d 736, ¶ 24 (8th Dist.).

**{¶10}** In the instant action, Trooper Grim testified he is based out of the Granville Post of the Ohio State Highway Patrol and, on September 22, 2021, he was dispatched to a single vehicle crash on Interstate 70, eastbound, near mile marker 130, in Licking County. While in route to the initial crash, Trooper Grim was advised of a second crash in the same area. Based upon this evidence, we find venue was "established by all the facts and circumstances in the case, beyond a reasonable doubt." *Hampton*, supra at ¶ 19. See, also, *State v. Ealy*, 5th Dist. Licking No. 16-CA-31, 2016-Ohio-7927; *State v. Rogers*, 5th Dist. Guernsey No. 16CA18, 2017-Ohio-1248.

**{¶11}** Appellant's sole assignment of error is overruled.

**{¶12}** The judgment of the Licking County Municipal Court is affirmed.

By: Hoffman, J.

Gwin, P.J.  and

Wise, John, J. concur