[Cite as *State v. Lawson*, 2024-Ohio-2466.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|                          |   |                             |
|--------------------------|---|-----------------------------|
| STATE OF OHIO,           | : | APPEAL NO.  C-230633        |
|                          |   | TRIAL NO.   B-2204156-A     |
|   Plaintiff-Appellee,    | : |                             |
|                          |   |                             |
|   vs.                    | : | *O P I N I O N.*            |
|                          |   |                             |
| ALEX LAWSON,             | : |                             |
|                          |   |                             |
|   Defendant-Appellant.   | : |                             |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: June 28, 2024

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *John D. Hill, Jr.*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Joshua A. Thompson*, Assistant Public Defender, for Defendant-Appellant.

**CROUSE, Judge.**

{¶1} Defendant-appellant Alex Lawson ("Alex") was convicted of complicity to commit burglary following a jury trial. On appeal, Alex challenges his conviction, arguing that the state failed to prove venue and that his conviction was not supported by sufficient evidence and was against the manifest weight of the evidence. For the following reasons, we affirm the judgment of the trial court.

## I. Factual and Procedural History

{¶2} The testimony at trial established that around 11:00 a.m. on May 15, 2022, Nick O'Neill and his wife were preparing to visit family in Indiana. As they were getting ready to leave their Saylor Park home, O'Neill saw Alex and his brother, Brandon Lawson ("Brandon"), mowing a neighbor's lawn. O'Neill spoke to Alex and arranged for the brothers to mow his lawn while he and his wife were out of town for the day.

{¶3} That same day, the O'Neills' neighbor, Cincinnati police detective Jeffrey Ruberg, was outside of the front of his house cleaning his truck. Ruberg noticed Alex sitting in the driver's seat of a tan sedan parked on the street nearby. Ruberg saw that Alex was on his cell phone. He then saw Alex move the car to park next to the side door of the O'Neill residence. Ruberg saw Brandon exit the O'Neill residence carrying a gun case in one hand and a bag in the other. Brandon got into the passenger side of Alex's car. Alex then drove off.

{¶4} When the O'Neills returned home, they discovered that a Diamondback AR-15 rifle and a Glock 19 handgun had been stolen from their home. O'Neill called 9-1-1 to report the theft. Ruberg and another neighbor provided information to help identify the Lawson brothers. In August, Ruberg identified Alex and Brandon Lawson

in a blind photo lineup. The stolen firearms were never found.

**{¶5}** In September 2022, Alex was indicted for burglary, in violation of R.C. 2911.12(A)(2). The matter was tried to a jury, and Alex was found guilty of complicity to commit burglary. Alex was sentenced to five years of community control. In addition to conditions of maintaining employment or performing community-service hours, Alex was ordered to pay $1,800 in restitution to Nick O'Neill. This appeal timely followed.

## II. Analysis

### A. Venue

**{¶6}** In his first assignment of error, Alex argues that the state failed to establish venue in Hamilton County.

**{¶7}** "Under Article I, Section 10 [of the Ohio Constitution] and R.C. 2901.12, evidence of proper venue must be presented in order to sustain a conviction for an offense." *State v. Foreman*, 166 Ohio St.3d 204, 2021-Ohio-3409, 184 N.E.3d 70, ¶ 13, quoting *State v. Hampton*, 134 Ohio St.3d 447, 2012-Ohio-5688, 983 N.E.2d 324, ¶ 20; *State v. Thurmond*, 1st Dist. Hamilton No. C-220480, 2023-Ohio-2404, ¶ 7. While venue is not an element of an offense, it must be proved beyond a reasonable doubt. *Foreman* at ¶ 13; *Thurmond* at ¶ 7. To establish venue, the state must prove "that the defendant committed the alleged offense or an element of the offense in the charging county." *Foreman* at ¶ 13. Venue can be established by direct or circumstantial evidence. *State v. Hinkston*, 1st Dist. Hamilton Nos. C-140448 and C-140449, 2015-Ohio-3851, ¶ 11. If venue is not established, the conviction must be reversed. *See Foreman* at ¶ 31.

**{¶8}** In this case, O'Neill testified about the location of his residence. After

O'Neill provided the street address of his home, the prosecuting attorney asked:

Q. Here in Hamilton County?

A. Yes, sir.

Q. Saylor Park; is that the name of the township?

A. Yes, sir.

**{¶9}**  Although O'Neill did not affirmatively testify that this was the address of the burglary, at no point was it suggested that he had another residence or that the burglary had occurred at any other location. Further, Ruberg testified that he lived across the street from O'Neill, in Saylor Park. He testified that he saw Brandon walk out of the O'Neill house, which was within sight of his home. Although Ruberg did not testify that he lives in Hamilton County, O'Neill established in his testimony that Saylor Park is in Hamilton County.

**{¶10}**  While venue of the offense was not proved "in express terms," we hold that "all the facts and circumstances in the case" did establish venue. *See Foreman*, 166 Ohio St.3d 204, 2021-Ohio-3409, 184 N.E.3d 70, at ¶ 13. Accordingly, we overrule Alex's first assignment of error.

### B. Sufficiency and Weight of Evidence

**{¶11}**  In his second assignment of error, Alex argues that the state failed to produce legally sufficient evidence to prove each element of the alleged offense beyond a reasonable doubt. In his third assignment of error, Alex argues that his conviction is against the manifest weight of the evidence. We will consider these assignments of error together.

**{¶12}**  When reviewing for sufficiency of the evidence, an appellate court asks whether, after viewing the evidence in the light most favorable to the prosecution, a

rational trier of fact could have found the elements of the crime proven beyond a reasonable doubt. *State v. Jones*, 166 Ohio St.3d 85, 2021-Ohio-3311, 182 N.E.3d 1161, ¶ 16. Essentially, the court "asks whether the evidence against a defendant, if believed, supports the conviction." (Emphasis sic.) *Id.*

{¶13} In reviewing whether the conviction runs counter to the manifest weight of the evidence, we sit as a "thirteenth juror." *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). We will review "the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether, in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Bailey*, 1st Dist. Hamilton No. C-140129, 2015-Ohio-2997, ¶ 59, quoting *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). However, we will reverse the trial court's decision to convict and grant a new trial only in "the exceptional case in which the evidence weighs heavily against the conviction." *Thompkins* at 387, quoting *Martin* at 175.

{¶14} Alex was charged with complicity to commit burglary, in violation of R.C. 2911.12(A)(2). The burglary statute provides, in relevant part, that:

> No person, by force, stealth, or deception, shall * * * [t]respass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense.

R.C. 2911.12(A)(2).

{¶15} The complicity statute provides that:

No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following:

(1) Solicit or procure another to commit the offense;

(2) Aid or abet another in committing the offense;

(3) Conspire with another to commit the offense in violation of section 2923.01 of the Revised Code;

(4) Cause an innocent or irresponsible person to commit the offense.

R.C. 2923.03(A).

{¶16} Although the state did not specify under which subdivision of R.C. 2923.03 its complicity theory falls, the state's argument clearly indicates that its theory is of aiding or abetting, under R.C. 2929.03(A)(2).

{¶17} "To support a conviction for complicity by aiding and abetting pursuant to R.C. 2923.03(A)(2), the evidence must show that the defendant supported, assisted, encouraged, cooperated with, advised, or incited the principal in the commission of the crime, and that the defendant shared the criminal intent of the principal. *Such intent may be inferred from the circumstances surrounding the crime*." (Emphasis added.) *State v. Johnson*, 93 Ohio St.3d 240, 754 N.E.2d 796 (2001), syllabus. "Ohio courts consistently hold that 'the defendant's mere association with the principal offender is not enough to prove complicity.' " *State v. Evans*, 8th Dist. Cuyahoga No. 111964, 2023-Ohio-2688, ¶ 69, quoting *State v. Robinson*, 8th Dist. Cuyahoga No. 99290, 2013-Ohio-4375, ¶ 64. Rather, the defendant must actively participate in the offense "by way of providing assistance or encouragement." *Id.*, quoting *Robinson* at

¶ 64.

**{¶18}** In this case, O'Neill testified that he had negotiated with Alex to mow his lawn as O'Neill and his wife prepared to leave town at around 11 a.m. Immediately after O'Neill paid Alex for the mowing, O'Neill and his wife left home to go to a family function in Indiana. O'Neill never interacted with Brandon. But it was Brandon who carried out the burglary. The jury could reasonably have inferred that Brandon could only have known that the O'Neills had left home because Alex had told him. O'Neill also testified that he never gave Alex or Brandon permission to be inside the home, which Alex—as the only brother to interact with O'Neill—must have known. Later, Alex was on his cell phone and then drove his car to a spot near the side entrance of the O'Neill home. Brandon immediately exited the house carrying what Ruberg described as a gun case and a bag and got into the passenger side of Alex's car. The close timing of when Brandon exited the house to when Alex pulled up supports a reasonable inference that Alex had been talking to Brandon on the phone and that Brandon told him he was about to exit the house.

**{¶19}** Alex argues that driving the car from the scene of a theft is not sufficient to support a conviction for complicity. *See, e.g., State v. Langford*, 8th Dist. Cuyahoga No. 83301, 2004-Ohio-3733, ¶ 22-23 (mere presence and association with the principal offender is insufficient to support a theft charge based on complicity); *State v. Ratkovich*, 7th Dist. Jefferson No. 02-JE-16, 2003-Ohio-7286, ¶ 3, 26 (evidence that a shoplifter told the driver of his theft as he entered the car was insufficient to show complicity where there was no evidence that the driver had advance knowledge of the shoplifter's intent). However, in this case there is more evidence than just Alex's driving Brandon away from the burglary. Alex is the only brother who spoke with

O'Neill before the O'Neills left town. Alex had direct knowledge that the house would be empty. Alex was on his cell phone and then drove to a side entrance to pick up Brandon, who was carrying a gun bag and another bag when he entered Alex's car.

**{¶20}** Under these circumstances, a reasonable jury could infer that Alex had encouraged, advised, or incited Brandon to commit the burglary by sharing the information about the O'Neills' departure, and further intended to assist Brandon by picking him up and driving away after the burglary was complete. In the light most favorable to the prosecution, the evidence was sufficient to support Alex's complicity-to-commit-burglary conviction. We also cannot hold that the jury "clearly lost its way and created * * * a manifest miscarriage of justice" by finding Alex guilty of complicity to commit burglary. *See Bailey*, 1st Dist. Hamilton No. C-140129, 2015-Ohio-2997, at ¶ 59.

**{¶21}** We therefore overrule Alex's second and third assignments of error.

### III. Conclusion

**{¶22}** For the foregoing reasons, we overrule all three assignments of error and affirm the trial court's judgment.

Judgment affirmed.

**ZAYAS, P.J.**, and **WINKLER, J.**, concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.